(April 3, 1985)

In the Matter of S. SIMPSON GRAY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Petitioner also moves (1) to suspend respondent from the practice of law based upon his admitted conversions of clients' moneys in the State of New York (unrelated to the Pennsylvania proceeding); (2) to institute a disciplinary proceeding based upon said conversions and upon other acts of professional misconduct; and (3) to appoint a Special Referee to conduct a hearing into the alleged misconduct.

The respondent was admitted to practice in New York State by this court on November 14, 1979. This court has received a certified copy of the order imposing discipline in Pennsylvania and a record of said proceedings. Respondent has submitted an

affidavit in opposition to petitioner's motion to suspend him arguing that only a final order of suspension by a foreign court invokes rule 691.3, and therefore, petitioner's motion is premature.

After examining the record of the proceeding in Pennsylvania, we find that the procedure in Pennsylvania satisfied due process requirements; that there was sufficient evidence to support the finding of the Pennsylvania court; and that the imposition of discipline by the Pennsylvania court was just under these circumstances. We disagree with respondent's argument that there must be a final determination of the issues of guilt, in Pennsylvania, before this court may act.

Further, we note that respondent gave sworn testimony before the Chief Counsel to the Grievance Committee for the Ninth Judicial District and admitted therein that he converted clients' funds to his own use, in one case amounting to $12,000.

Petitioner's motion is granted.

The respondent, S. Simpson Gray, Esq., is immediately suspended from the practice of law until the further order of this court.

The Grievance Committee for the Ninth Judicial District is authorized to institute and prosecute the disciplinary proceeding against the respondent, based upon the disciplinary proceeding in Pennsylvania and upon the other alleged acts of professional misconduct. The issues raised by the petition and the answer thereto are referred to Honorable Max H. Galfunt (former Criminal Court Judge, City of NY), 216 Beach 143rd Street, Neponsit, New York 11694 as Special Referee to hear and to report on the issues. Gary L. Casella, Esq., Chief Counsel for the Ninth Judicial District, 200 Bloomingdale Road, White Plains, New York 10605 is hereby appointed as attorney for the petitioner in the proceeding. The respondent's answer must be served and filed within 10 days after service upon him of a copy of the order entered on this decision. Mollen, P. J., Titone, Lazer, Mangano and Thompson, JJ., concur.