[902 NYS2d 108]

In the Matter of MARK E. GOLD, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 11, 2010

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Glenn E. Simpson* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Supreme Court of the State of New Jersey, by order filed April 22, 2009 (198 NJ 405, 968 A2d 711 [2009]), temporarily suspended the respondent from the practice of law in that state, and further ordered that all funds deposited in any New Jersey financial institution maintained by the respondent be restrained from disbursement, except on application to the New Jersey Supreme Court. New York State Office of Court Administration records disclose that the respondent maintains a law office located at 1 Piermont Avenue in Nyack.

The respondent was suspended in New Jersey based on a petition sworn to April 8, 2009, filed by the New Jersey Office of Attorney Ethics (hereinafter OAE). The petition, in essence, alleged that the respondent misappropriated funds from one client, and thereafter misappropriated funds belonging to another client to pay the first client.

In February 2009, Donald B. Fraser, Jr., Esq., filed a grievance with OAE alleging that he had reason to believe that the respondent may have misappropriated funds deposited into the respondent's attorney trust account. Fraser represented Mantaser Hanno and the respondent represented Ibrahim Fayed in a disputed real estate transaction. The disputed funds in the sum of $290,571.58 were deposited into the respondent's attorney trust account with PNC Bank on March 9, 2006, pending the outcome of a litigation in Hudson County, New Jersey. The Superior Court of New Jersey issued a determination memorialized in an order and judgment dated December 1, 2008. Pursuant to the order and judgment, Fraser's client, Hanno, was entitled to a distribution of $277,089.74, plus $24,237.57 in interest, for a total sum of $301,327.31. On January 26, 2009, Fraser and the respondent reached an agreement whereby the respondent agreed to pay over to Fraser's trust account the sum of $315,993.83.

On January 26, 2009, the respondent issued Unity Bank check No. 933 in the amount of $315,993.83, made payable to Perotta, Fraser and Forrester Attorney Trust Account. The check, drawn on a Unity Bank account, was not the PNC Bank account where the disputed funds were originally deposited and were supposed to be maintained.

Fraser deposited the check into his attorney trust account and distributed $301,327.31 to Hanno per Hanno's direction. According to Fraser, the remainder, $14,666.52, which repre-

sents Fayed's portion of the real estate proceeds, remains in Fraser's attorney trust account.

OAE conducted an investigation into the respondent's PNC Bank attorney trust account for the period January 1, 2006 to February 28, 2009. On March 9, 2006, following the respondent's deposit of $290,571.58 into his PNC attorney trust account, the balance was $352,285.16. On March 27, 2006, the account balance fell to $99,945.16. From September 20, 2007 to October 21, 2007, the balance in the account fell to a low of $99.73. On January 26, 2009, the balance in the PNC Bank account was $6,409.12.

Fraser informed OAE that he learned from Thomas J. Roman, Esq., that on January 22, 2009, the respondent deposited $400,000 into his Unity Bank account. These funds represented payment from the respondent's client Namik K. Ialchandani to Roman's client, Fahim Mojawalla, in return for stock in a business known as United Med Scan. The respondent utilized $315,993.83 of funds belonging to Mojawalla to issue check No. 933 to Fraser, but did not have Mojawalla's permission to do so, and the respondent has not replaced the Mojawalla funds.

In November and December 2008, OAE received notification from PNC of overdrafts in the respondent's attorney trust account—one overdraft in the sum of $64,590.88, and a second overdraft in the sum of $4,590.88. The respondent provided a brief explanation for the November 2008 overdraft, but failed to provide supporting documentation, despite repeated requests. The respondent has provided no explanation to OAE regarding the December 2008 overdraft, despite repeated requests.

On March 13, 2009, OAE sent the respondent a demand audit letter, by certified mail, return receipt requested, and by regular mail, for him to appear at their offices on April 7, 2009. Despite receipt of the letter, the respondent failed to appear for his scheduled audit on April 7, 2009.

Based on the foregoing, OAE concluded that current and future client funds under the respondent's charge were in jeopardy.

By order filed April 22, 2009, the Supreme Court of the State of New Jersey temporarily suspended the respondent from the practice of law in that state, and further ordered that all funds deposited in any New Jersey financial institution maintained by the respondent be restrained from disbursement, except on application to the New Jersey Supreme Court.

A complaint dated June 4, 2009 was filed by OAE against the respondent charging him with knowing misappropriation of trust and escrow funds and a failure to cooperate with the disciplinary authorities, in violation of New Jersey Rules of Professional Conduct (hereinafter RPC rule) 8.4 (c) (conduct involving dishonesty, fraud, deceit, and misrepresentation) and RPC rule 8.1 (b) and New Jersey Rules of Court rule 1:20-3 (g) (4) (failure to cooperate with disciplinary authorities).

Although personally served on October 8, 2009 with a copy of this notice pursuant to 22 NYCRR 691.3, the respondent has not submitted a verified statement setting forth any of the defenses enumerated in 22 NYCRR 691.3 (c) or demanded hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.

The Grievance Committee for the Ninth Judicial District advises that the respondent is currently facing felony charges in New Jersey for converting client funds.

Under the circumstances, the application to impose reciprocal discipline is granted, and effective immediately, the respondent is suspended from the practice of law in New York until further order of this Court based on the discipline imposed upon him in the State of New Jersey (see Matter of Connolly, 63 AD3d 1369 [2009]; Matter of Gray, 110 AD2d 672 [1985], affd 67 NY2d 440 [1986]).

PRUDENTI, P.J., RIVERA, SKELOS, FISHER and BALKAN, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Mark E. Gold, is suspended from the practice of law until further order of this Court; and it is further,

Ordered that the respondent, Mark E. Gold, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Mark E. Gold, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commis-

sion, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Mark E. Gold, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).