[925 NYS2d 617]

In the Matter of MARK E. GOLD, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 21, 2011

APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Glenn E. Simpson* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of New Jersey, filed on March 10, 2010 (201 NJ 414, 991 A2d 214 [2010]), the respondent was disbarred and permanently restrained from the practice of law in that state. The basis for the New Jersey court's determination was a decision by the Disciplinary Review Board (hereinafter DRB) dated December 11, 2009, rendered upon the respondent's default. The determination to disbar the respondent was preceded by an order of that court filed April 22, 2009, temporarily suspending the respondent from the practice of law in New Jersey based on a petition sworn to April 8, 2009, by the New Jersey Office of Attorney Ethics (hereinafter OAE). The petition, in essence, alleged that the respondent misappropriated funds from one client and thereafter misappropriated funds belonging to a second client to pay the first client. A detailed recitation of the facts was previously set forth in this Court's opinion and order dated May 11, 2010 (*see Matter of Gold*, 75 AD3d 82 [2010]).

Following the filing of the New Jersey Supreme Court's order on April 22, 2009, a complaint dated June 4, 2009, was filed by the OAE against the respondent, charging him with knowing misappropriation of trust and escrow funds and a failure to cooperate with the disciplinary authorities, in violation of New Jersey Rules of Professional Conduct rules 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation) and 8.1 (b), and New Jersey Court Rules 1:20-3 (g) (3) (failure to cooperate with disciplinary authorities).

On June 5, 2009, the OAE mailed a copy of the complaint by regular and certified mail to the respondent's last known office address in Tenafly, New Jersey. The certified mail was returned with an unsigned receipt. The regular mail was also returned. Since a prior mailing to the respondent at his home address was unsuccessful, no attempt was made to forward the complaint at the respondent's last known home address. The respondent was served by publication in the Record and the New Jersey Law Journal. The respondent failed to file an answer to the complaint.

The DRB concluded that the facts recited in the complaint supported the charges of unethical conduct, and the respon-

dent's failure to file an answer was deemed an admission that the allegations of the complaint are true and that they provide a sufficient basis for the imposition of discipline. The respondent clearly failed to cooperate with the OAE's investigation. More significantly, the DRB concluded that the respondent knowingly misappropriated client and escrow funds. The DRB, therefore, recommended the respondent's disbarment.

By order filed March 10, 2010, the Supreme Court of New Jersey disbarred the respondent.

Although personally served in the Bergen County Jail with a copy of a notice pursuant to 22 NYCRR 691.3, the respondent has not submitted a verified statement setting forth any of the enumerated defenses in 22 NYCRR 691.3 (c) or demanded a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.

Inasmuch as the respondent asserted no defenses to the imposition of reciprocal discipline, the application of the Grievance Committee for the Ninth Judicial District for the imposition of reciprocal discipline is granted and the respondent is disbarred in New York based upon his disbarment in New Jersey.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and BALKIN, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Mark E. Gold, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Mark E. Gold, shall promptly continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Mark E. Gold, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Mark E. Gold, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).