Matter of Perskie (2017 NY Slip Op 09133)





Matter of Perskie


2017 NY Slip Op 09133


Decided on December 27, 2017


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 27, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RANDALL T. ENG, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
ROBERT J. MILLER, JJ.


2017-06685

[*1]In the Matter of Nicole Leigh Perskie, an attorney and counselor-at-law. (Attorney Registration No. 4953584)



The respondent, Nicole Leigh Perskie, was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 7, 2011. By order to show cause dated July 21, 2017, this Court directed the respondent to show cause why discipline should or should not be imposed upon her in this State pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed upon her by an order of the Supreme Court of New Jersey filed September 21, 2016.



Gary L. Casella, White Plains, NY (Glenn E. Simpson of counsel), for Grievance Committee for the Ninth Judicial District.



PER CURIAM.


OPINION & ORDER
By order filed September 21, 2016, the Supreme Court of New Jersey temporarily suspended the respondent from the practice of law until further order of that court based upon her failure to cooperate in an investigation by the New Jersey Office of Attorney Ethics (hereinafter the OAE) involving an overdraft in her attorney trust account maintained at Bank of America on April 19, 2016.
On or about April 25, 2016, the OAE received a notice from Bank of America that two checks drawn against the respondent's firm's attorney trust account were honored when presented for payment on April 19, 2016, against insufficient funds, resulting in an overdraft on the account. By letter dated April 29, 2016, the OAE requested a written explanation for the overdraft from the respondent's firm together with certain trust account records. By letter dated May 12, 2016, a second request was mailed to the respondent, requesting a "documented explanation as to why the overdraft occurred." When the respondent failed to respond, a third letter, dated May 31, 2016, was mailed to the respondent, demanding a written explanation by close of business on June 7, 2016.
The respondent submitted an explanation by letter dated June 1, 2016, and a supplemental response dated June 7, 2016, attributing the overdraft to a late deposit by her assistant on April 19, 2016. The respondent did not submit any supporting documentation or the requested records with her response.
By letter dated June 14, 2016, the OAE directed the respondent to appear at its offices on July 12, 2016, and produce for examination all books and records required to be maintained in accordance with New Jersey Rules of Court rule 1:21-6(h). On July 12, 2016, the respondent failed to appear at the OAE's offices; instead, she faxed a note to the OAE, advising that she had no access to her records as they had been shipped to her new office location, for which she had not yet been provided keys. The respondent's appearance and the demand audit were adjourned until July 18, [*2]2016. On July 18, 2016, the respondent failed to appear at the OAE's offices, but had her assistant fax a letter to the OAE advising that the respondent was "unable to access the books and records necessary for the audit by today as promised" and requesting one final adjournment.
In the interim, the OAE obtained copies of the respondent's attorney trust account records directly from Bank of America pursuant to subpoena. The OAE's review of the records revealed numerous cash withdrawals and an improper account denomination on the statements and checks. Letters dated July 20, 2016, July 27, 2016, and July 28, 2016, from the OAE to the respondent directing her to appear at the OAE's offices on August 2, 2016, were either not responded to or returned by the Post Office. On August 1, 2016, in response to a telephone call placed to her assistant, the respondent called the OAE and confirmed she would appear for the demand audit on August 2, 2016. The respondent failed to appear on August 2, 2016, and "failed to provide the OAE with her attorney trust account and attorney business account records as requested."
Based upon the respondent's continued failure to comply with the OAE's requests to provide a fully documented explanation for the transactions in her attorney trust account, the violations discovered in the OAE's limited review of the subpoenaed records, and the respondent's failure to cooperate, the OAE concluded that the respondent "constitute[d] a substantial threat of serious harm to her clients, specifically to the integrity of client funds entrusted to her care." By order of the Supreme Court of New Jersey filed September 21, 2016, the respondent was temporarily suspended from the practice of law in New Jersey, and all funds deposited in any New Jersey financial institution maintained by the respondent were restrained from disbursement, except on application to the court.
The respondent failed to advise this Court of the suspension of her New Jersey law license, pursuant to 22 NYCRR 1240.13(d).
Although the respondent was duly served with this Court's order to show cause dated July 21, 2017, she has neither interposed any response thereto, nor requested additional time to respond. Accordingly, there is no impediment to the imposition of reciprocal discipline.
Based upon the misconduct underlying the order of the Supreme Court of New Jersey filed September 21, 2016, we conclude that reciprocal discipline is warranted, and, effective immediately, the respondent is suspended from the practice of law until further order of the Court (see Matter of Hummel, 99 AD3d 133; Matter of Gold, 75 AD3d 82).
ENG, P.J., MASTRO, RIVERA, DILLON and MILLER, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13(c), the respondent, Nicole Leigh Perskie, is suspended from the practice of law, effective immediately, and continuing until further order of this Court; and it is further,
ORDERED that the respondent, Nicole Leigh Perskie, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Nicole Leigh Perskie, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Nicole Leigh Perskie, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court