Matter of Morris (2018 NY Slip Op 03682)





Matter of Morris


2018 NY Slip Op 03682


Decided on May 23, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
JOSEPH J. MALTESE, JJ.


2017-10466

[*1]In the Matter of Brian Christopher Morris, an attorney and counselor-at-law. (Attorney Registration No. 4293510)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 18, 2005. By order to show cause dated October 20, 2017, this Court directed the respondent to show cause why an order should or should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him in this State based upon the findings of misconduct underlying two orders of the Supreme Court of Florida dated February 9, 2017, and May 5, 2017, respectively.



Catherine A. Sheridan, Hauppauge, NY, for the Grievance Committee for the Tenth Judicial District.



PER CURIAM.


OPINION & ORDER
By order dated February 9, 2017, the Supreme Court of Florida held the respondent in contempt, publicly reprimanded him, and ordered him to pay costs in the sum of $1,250, based upon his failure to comply with a subpoena duces tecum requiring him to produce trust accounting records in a timely manner.
On May 2, 2017, the Florida Bar filed a petition for emergency suspension pursuant to Rule 3-5.2 of the Rules Regulating The Florida Bar with the Supreme Court of Florida. That petition was filed after the Florida Bar had conducted an audit of the respondent's trust account for the period September 1, 2015, through September 30, 2016, and concluded that the respondent had commingled and misappropriated client trust funds for his own benefit. The Florida Bar's audit revealed, among other things, that there were shortages in the respondent's trust account in every month of the audit period, ranging from $2,111.78 to $9,376.25. The deficiency was caused by the respondent's numerous online transfers to his operating and personal accounts unrelated to any client matters. Some of the transfers funded overdrafts in his personal checking account, ATM withdrawals, and payment of various business and personal expenses, including his personal mortgage and a family vacation, as well as to fund payments to his employees. On December 22, 2016, the respondent deposited $4,813.70 in cash into the trust account to partially correct the shortage. However, there remained a $1,548.21 deficiency in the trust account. Additionally, the respondent failed to adequately maintain the required trust account records as required by the Rules Regulating the Florida Bar (hereinafter the Florida rules).
By reason of the foregoing, the petition for emergency suspension alleged that the respondent violated multiple Florida rules, including rule 4-1.15 (stating that an attorney shall comply with rules regulating trust accounts); rule 4-8.4(c) (stating that an attorney shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); rule 5-1.1(a)(1) (among other things, requiring personal funds to be held separate from funds in trust for clients or third persons); rule 5-1.1(b) (requiring trust funds being held for a specific purpose [fees, costs, expenses] to be [*2]applied only for that purpose); rules 5-1.2(b)(6) and (7) (addressed to required trust accounting records); rule 5-1.2(d)(1)(B) (addressed to required trust accounting procedures); and rule 5-1.2(e) (setting a limitation on electronic wire transfers). The Florida Bar contended that the respondent had caused, or was likely to cause, immediate and serious harm to clients and/or the public such that immediate action must be taken for the protection of the respondent's clients and the public.
By order dated May 5, 2017, the Supreme Court of Florida approved the Florida Bar's emergency petition, and suspended the respondent from the practice of law until further order of the Court.
By order to show cause dated October 20, 2017, this Court directed the respondent to show cause why an order should or should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by the two orders of the Supreme Court of Florida dated February 9, 2017, and May 5, 2017, respectively, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of the Court, with proof of service upon the Grievance Committee for the Tenth Judicial District, on or before November 10, 2017.
To date, the respondent has not interposed a response to this Court's October 20, 2017, order to show cause, or requested additional time in which to do so.
Accordingly, we find that the imposition of reciprocal discipline is warranted based on the findings of the Supreme Court of Florida, and the respondent is immediately suspended from the practice of law and continuing until further order of this Court (see Matter of Hummel, 99 AD3d 133; Matter of Gold, 75 AD3d 82).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and MALTESE, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Brian Christopher Morris, is immediately suspended from the practice of law in the State of New York, pending further order of the Court; and it is further,
ORDERED that during the period of suspension and until further order of the Court, the respondent, Brian Christopher Morris, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Brian Christopher Morris, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Brian Christopher Morris, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court