[754 NYS2d 1]

In the Matter of RICHARD H. SIEGEL (Admitted as RICHARD HERBERT SIEGEL), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 7, 2002

**APPEARANCES OF COUNSEL**

*Vitaly Lipkansky* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Richard H. Siegel*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Richard H. Siegel was admitted to the practice of law in the State of New York by the First Judicial Department on August 6, 1974, as Richard Herbert Siegel. At all times relevant to this proceeding he maintained an office for the practice of law within the First Judicial Department.

On July 11, 2001, the Departmental Disciplinary Committee (the DDC) served respondent with a notice and statement of charges dated May 21, 2001, alleging violations of the Code of Professional Responsibility (DR 1-102 [a] [4], [5]; DR 6-101 [a] [3] [22 NYCRR 1200.3, 1200.30]), based upon his alleged neglect of two client matters, failure to cooperate with the DDC in its investigation of those matters, and affirmative misrepresentations made to the DDC, the court, and his clients regarding them. One of those two matters was a personal injury action commenced in Supreme Court, Kings County in which respondent represented plaintiff Francisco Gines; the other matter involved the defense of his client, Jay Sincoff, on a claim brought against Sincoff by the New York State Higher Education Services Corporation.

At the hearing held before a Referee, it was established that the personal injury action respondent first commenced on behalf of Francisco Gines was deemed dismissed on August 3, 1994, due to respondent's failure to file proof of service with the Clerk's office (former CPLR 306-b). The new action he recommenced on March 31, 1995 under a new index number was similarly deemed dismissed on July 31, 1995 for failure to file proof of service (id.); however, respondent offered evidence that in fact his employee had filed an affirmation of service with the Clerk's office.

Unaware of the second dismissal, the parties proceeded with the litigation. After respondent failed to comply with his adversary's demand for a bill of particulars and certain other discovery demands, his adversary proceeded to seek dismissal on grounds of abandonment under CPLR 3216 (b) (3). Defense counsel discovered that Gines's action had already been dismissed under CPLR 306-b when the court rejected the dismissal motion on the ground that the action had already been deemed dismissed. Believing this dismissal to be based upon a clerical error, respondent informed his adversary that he would clear up the situation. However, respondent made no motion to reinstate the action until July 2001, six years after the dismissal. Although respondent testified that he had telephoned

the Clerk's office to inquire about the error and was informed that he would have to come down to the office, he offered no evidence establishing that he followed up any further.

When Mr. Gines complained to the DDC in March 1999 about respondent's neglect of his case, the DDC forwarded his complaint letter to respondent on April 15, 1999 and demanded a response. Respondent's answering letter inaccurately asserted that all pretrial proceedings had been completed except for depositions, when in fact he had not served either his bill of particulars or certain documents demanded. Subsequently, in response to a motion by the DDC, respondent filed an affirmation containing a similar misstatement regarding the work he had performed, as well as stating that he had filed a motion to compel the defendant's deposition, although neither the court records nor his adversary's records contained any indication of any such motion. At the hearing, respondent conceded that he had neglected to serve the bill of particulars, explaining that he first held off serving it until his client made up his mind as to whether to undergo surgery, and then he thereafter simply forgot about it.

In addition, although the DDC, in letters dated December 22, 2000 and March 23, 2001, directed respondent to turn over a copy of his file in the Gines matter, respondent failed to do so until October 23, 2001, two days before the hearing began. The Referee rejected respondent's assertion that he mailed the file on March 21, 2001 to the DDC's former address.

As to the Sincoff matter, it was established at the hearing that respondent represented Jay Sincoff in opposing the efforts of the New York State Higher Education Services Corporation to collect on a default judgment obtained against Sincoff related to a student loan. Although respondent succeeded in obtaining a stipulation to discontinue the case since the debt had been discharged in bankruptcy, respondent failed to ensure that the stipulation was filed so that the judgment would be removed from the rolls. Respondent finally filed the stipulation over a year after Sincoff complained to the DDC.

Based upon the foregoing evidence, the Referee sustained three of the charges regarding respondent's conduct on the Gines matter: Count Two, conduct prejudicial to the administration of justice, a violation of DR 1-102 (a) (5), for respondent's incorrect representations about the status of the Gines case; Count Five, a violation of DR 1-102 (a) (5), for respondent's failure to provide the DDC with his file in the Gines matter until two days before the hearing, after months of demands for

it; and Count Six, neglect of the prosecution of the Gines case in violation of DR 6-101 (a) (3). With respect to the Sincoff case, the Referee sustained Count Nine, finding that respondent had neglected the case in violation of DR 6-101 (a) (3).

Following the sanction portion of the hearing, the Referee found, in mitigation, that no actual harm was caused to Mr. Gines's case, since respondent had ultimately obtained reinstatement of the action, and the client wanted respondent to continue to represent him; on review, the Hearing Panel also noted that Mr. Gines had moved out of state during respondent's representation of him, and neglected to provide respondent with his new address. In aggravation were considered two prior disciplinary proceedings brought against respondent, the first of which resulted in a private reprimand for violation of DR 6-101 (a) (1), (2) and (3), the second of which resulted in an admonishment for violating DR 1-102 (a) (4) and (8) (now [7]), DR 6-101 (a) (3) and DR 9-102 (c) (4) (22 NYCRR 1200.46). The Referee recommended that respondent should be suspended from the practice of law for three months.

Upon its review, the Hearing Panel partially confirmed the Referee's findings, except to the extent it determined that Count Nine of the charges should be dismissed, concluding that respondent's failure to properly and timely file the stipulation in the Sincoff matter amounted to a mere failure to understand a local procedure, rather than neglect. The Hearing Panel agreed with the recommended sanction of a three-month suspension.

The DDC now petitions this Court for an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e), confirming the determination of the Hearing Panel, and suspending respondent from the practice of law for a period of three months. We grant the petition.

We reject respondent's suggestion that his only misconduct regarding the Gines matter amounts to merely a mistake as to the status of the case. He was made aware that the case had been marked dismissed, yet did nothing to investigate or reinstate it. His incorrect recitation of the work he had performed on the case went beyond a simple honest mistake, since, at a minimum, respondent ignored his obligation to the DDC and to this Court to review his file and include in his affirmation only assertions he knew to be correct. We also concur in the Referee's rejection of respondent's assertion that he timely turned over his case file, albeit to the DDC's former address.

His long delay in turning over the file, providing it only two days before the hearing, further supports imposition of a suspension here.

The recommended suspension of three months is appropriate in view of respondent's neglect of matters, excessive delays in remedying problems, failure to timely turn over documents, and inaccurate representations (*see e.g.*, *Matter of Jaffe*, 250 AD2d 13).

Accordingly, the DDC's petition should be granted, the determination of the Hearing Panel confirmed, and respondent suspended from the practice of law for a period of three months.

WILLIAMS, P.J., TOM, SAXE, BUCKLEY and RUBIN, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three months, effective December 9, 2002, and until the further order of this Court.