[913 NYS2d 1]

In the Matter of KENNETH P. SIRKIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 24, 2010

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Kenneth P. Sirkin was admitted to the practice of law in the State of New York by the First Judicial Department on November 20, 2000. In 1999 respondent was admitted to practice law in New Jersey and in 2002 he was admitted to practice law in Florida. At all times relevant to the misconduct which underlies this proceeding, respondent maintained an office for the practice of law in Florida. Respondent has not registered with the New York State Office of Court Administration (OCA) since 2001.

By complaint served upon respondent and dated November 26, 2008, the New Jersey District IIA Ethics Committee alleged that respondent violated multiple sections of New Jersey's Rules of Professional Conduct. The violations alleged stem from respondent's representation of a client in a personal injury action. Count one of the complaint alleged that respondent failed to keep his client apprised of all events and communications, failed to communicate with her for almost a year, failed to apprise her as to the location of settlement proceeds, failed to notify her of a pending motion, and failed to forward closing papers. It is alleged that respondent violated rule 1.1 of the New Jersey Rules of Professional Conduct (RPC) which states that "[a] lawyer shall not . . . [e]xhibit a pattern of negligence or neglect in the lawyer's handling of legal matters generally." Counts two and three of the complaint, premised on the same facts as count one, alleged that respondent violated RPC rule 1.3 which states that "[a] lawyer shall act with reasonable diligence and promptness in representing a client," and RPC rule 1.4 which states, in part, that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." Count four of the complaint alleged that respondent, despite being given numerous opportunities, did not provide a copy of his file nor did he reply to the complaint made against him in violation of rule 1:20-3 of the New Jersey Rules of Court requiring cooperation from an attorney who is the subject a disciplinary investigation. After being served with a copy of the complaint, respondent was sent a letter asking that he interpose an answer and advising him that the failure to do so would constitute an admission to the allegations in the complaint. On October 6, 2009, the

Supreme Court of New Jersey, after respondent's failure to appear and after deeming all allegations in the complaint admitted, issued an order suspending him from the practice of law for three months and ordering him to pay costs and expenses incurred in the prosecution of the disciplinary proceeding (200 NJ 271, 979 A2d 768 [2009]).

On December 5, 2008, the Florida Bar served a complaint upon respondent alleging multiple violations of the Rules Regulating the Florida Bar. Count one of the complaint alleged that despite repeated requests both from a former client and her new attorney asking respondent to turn over her file, he failed to do so. It is alleged that respondent violated rule 4-1.16 (d) of the Rules Regulating the Florida Bar (RRFB) which states, in pertinent part, that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interest . . . surrendering papers and property to which the client is entitled." Counts two, three, five, and seven alleged that in connection with four separate complaints filed against respondent, the Florida Bar sent official inquiries to respondent requesting his written responses. However, respondent provided no responses to the inquiries or to subsequent letters requesting compliance. It is alleged that respondent violated RRFB rule 4-8.4 (g) which states in part that "[a] lawyer shall not . . . fail to respond, in writing, to any official inquiry by bar counsel or a disciplinary agency, as defined elsewhere in these rules, when bar counsel or the agency is conducting an investigation into the lawyer's conduct." Respondent, admitting the facts within the complaint, pleaded guilty to all the violations in the complaint and thereafter, on August 13, 2009, the Supreme Court of Florida ordered that respondent be suspended from the practice of law for 10 days and that he pay costs totaling $3,240 (*Florida Bar v Sirkin*, 17 So 3d 707 [2009] [table; text at 2009 WL 2475290, 2009 Fla LEXIS 1341 (Sup Ct 2009)]).

The Departmental Disciplinary Committee (Committee) petitions this Court for an order pursuant to the doctrine of reciprocal discipline (22 NYCRR 603.3), on grounds that respondent was disciplined for misconduct in both New Jersey and in Florida, disciplining and suspending respondent from the practice of law for a period of six months, or until such time as he complies with Judiciary Law § 468-a, whichever is longer. Noting that New Jersey imposed a three-month suspension, the longest sanction of the two proceedings, the Committee seeks to enhance respondent's sanction inasmuch as he has failed to reg-

ister with OCA since 2001 as required by Judiciary Law § 468-a and because unlike the courts in both New Jersey and in Florida, this Court is unable to order him to pay a monetary sanction. The Committee served the petition upon respondent and he has failed to interpose any opposition or response. We agree that respondent should be disciplined but we disagree that the sanction should be a six-month suspension.

Pursuant to 22 NYCRR 603.3 (a), an attorney "who has been disciplined in a foreign jurisdiction, may be disciplined by this court because of the conduct which gave rise to the discipline imposed in the foreign jurisdiction." Defenses to this disciplinary proceeding are limited to those enumerated in 22 NYCRR 603.3 (c) (22 NYCRR 603.3 [b]; *Matter of Stahl*, 72 AD3d 218, 226 [2010]; *Matter of Jarblum*, 51 AD3d 68, 70-71 [2008]; *Matter of Chang*, 57 AD3d 151, 154 [2008]; *Matter of Schlem*, 308 AD2d 220, 222 [2003]; *Matter of Bosies*, 217 AD2d 358, 360-361 [1995]), namely: (1) lack of notice and an opportunity to be heard in the foreign disciplinary proceeding; (2) an infirmity with the proof of misconduct presented in the foreign proceeding; and (3) that the foreign misconduct upon which discipline is premised does not constitute misconduct in this jurisdiction.

In reciprocal proceedings, we generally accord significant weight to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct perpetrated therein (*Stahl* at 227; *Jarblum* at 71; *Chang* at 156; *Schlem* at 222; *Bosies* at 362). Therefore, when the sanction prescribed by the foreign jurisdiction is not inconsistent with the sanction for similar misconduct in this jurisdiction, the Court should impose the same sanction (*Jarblum* at 71-72; *Matter of Dranov*, 14 AD3d 156, 163-164 [2004]). Deviation from the sanction imposed by the foreign jurisdiction is thus rare and warranted only where the sanction imposed by the foreign jurisdiction is at great variance with the sanction generally imposed by this jurisdiction for the same misconduct (*Matter of Lowell*, 14 AD3d 41, 48-49 [2004], *lv dismissed* 4 NY3d 846 [2005], *lv denied* 5 NY3d 708 [2005]).

With respect to the New Jersey proceeding, the record evinces that none of the enumerated defenses preclude resolution of the instant petition in the Committee's favor. Respondent was served with a copy of the complaint and was also sent a letter asking that he respond to the same thereby affording him an opportunity to be heard (22 NYCRR 603.3 [c] [1]). Moreover,

since respondent defaulted by failing to appear, he admitted all the allegations in the complaint which provides ample basis for the Supreme Court of New Jersey's conclusion that respondent violated the RPC (22 NYCRR 603.3 [c] [2]). Lastly, the misconduct for which respondent was disciplined constitutes misconduct in this state (22 NYCRR 603.3 [c] [3]). RPC rules 1.1, 1.3 and 1.4 not only mirror the language in our former Disciplinary Rules and current Rules of Professional Conduct (Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3, 1.4), but conduct in violation of RPC rule 1.1 has already been deemed misconduct in this state under our then Disciplinary Rules (*Schlem* at 221-222 [violation of RPC rule 1.1 is violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3] [now Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.3])]; *Bosies* at 361). Additionally, the misconduct giving rise to a violation of rule 1:20-3 of the New Jersey Rules of Court, namely the failure to cooperate with a disciplinary investigation, is conduct prejudicial to the administration of justice, a violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d) (*Matter of Racer*, 56 AD3d 125 [2008] [Court confirmed Referee's determination that in failing to cooperate with a disciplinary investigation, attorney violated DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5] [now Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d)])]; *Matter of Sheehan*, 48 AD3d 163 [2007]; *Matter of Siegel*, 301 AD2d 157 [2002]).

With respect to the Florida proceeding, the record evinces that none of the enumerated defenses preclude the granting of the Committee's petition. Since respondent actually pleaded guilty to the violations asserted, admitting all the allegations asserted against him, respondent cannot assert a due process violation nor was there any infirmity in the proof upon which the Supreme Court of Florida made its determination (22 NYCRR 603.3 [c] [1], [2]). By ignoring repeated requests from his former client's new attorney and by failing to turn over his former client's file, respondent was found guilty of violating RRFB rule 4-1.16 (d), whose language mirrors Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.16 (e). Similarly, in failing to respond to numerous official inquiries regarding the disciplinary investigations, respondent was found to have violated RRFB rule 4-8.4 (g); such misconduct also constituting a violation of our former Disciplinary Rules and current Rules of Professional Conduct (Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]; *Matter of Racer*, 56 AD3d 125 [2008], *supra*; *Matter*

*of Sheehan*, 48 AD3d 163 [2007]; *Matter of Siegel*, 301 AD2d 157 [2002]). Thus, the misconduct underlying the violations in the Florida proceeding constitute misconduct in this state (22 NYCRR 603.3 [c] [3]).

While the Committee seeks to enhance respondent's sanction by three months, we see no basis for departing from the well settled rule, that with rare exception, any sanction we impose be commensurate with the sanction imposed by the jurisdiction where the misconduct arose. Here, the Committee is not asking that we sanction respondent for his failure to register with OCA (Judiciary Law § 468-a), but is simply asking for an enhancement on its petition for reciprocal discipline based on the same. Insofar as the Committee is free to take separate and appropriate action with regard to respondent's failure to register with OCA, and, in fact, has, enhancement on this ground is unwarranted. Enhancement is also unwarranted simply because we cannot issue monetary sanctions (22 NYCRR 605.5). Moreover, the three-month suspension prescribed by New Jersey is in line with our precedent on the type of misconduct at issue (*Schlem* at 222 [three-month suspension in reciprocal discipline proceeding where in addition to violating RPC rules 1.1, 1.3 and 1.4, respondent also violated RPC rules 8.4 (misrepresentation) and 8.1 (failure to cooperate with the disciplinary investigation)]; *Siegel* at 161 [three-month suspension for respondent's neglect of two client matters, his failure to cooperate with the Committee's investigation, and misrepresentation made to clients]).

Accordingly, the petition is granted to the extent of imposing reciprocal discipline and respondent is suspended from the practice of law for a period of three months.

MAZZARELLI, J.P., SWEENY, RENWICK, FREEDMAN and ROMÁN, JJ., concur.

Respondent suspended from practice as an attorney and counselor-at-law in the State of New York for three months and until further order of this Court, as indicated, effective immediately.