[999 NYS2d 535]

In the Matter of JOHN CUCCI, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 28, 2015

APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Stacey J. Sharpelletti* of counsel), for petitioner.

*Long Tuminello, LLP*, Bay Shore (*Michelle Aulivola* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The instant application is predicated upon an order of the Supreme Court of Louisiana, dated March 13, 2012 (85 So 3d 62 [La Sup Ct 2012]), which suspended the respondent from the practice of law in that state for a period of three years, upon a finding that he was guilty of failing to deposit clients' funds into a trust account; failing to properly account for clients' funds; failing to refund unearned fees; collecting an unreasonable fee; failing to remit client funds; failing to properly communicate with a client; failing to cooperate in dispute resolution; failing to refund fees after being ordered to do so; failing to cooperate with the Louisiana Office of Disciplinary Counsel (hereinafter ODC); and engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation.

Louisiana Proceeding

In March 2009, the ODC filed formal charges against the respondent. In March 2010, the ODC amended the formal charges. Thereafter, the respondent answered the formal charges. While not expressly admitting any misconduct, the respondent offered an apology to the complainants, and to the ODC. He also asserted that personal problems, including an acrimonious divorce, were a factor in mitigation.

The ODC alleged nine counts of professional misconduct. Following the filing of formal charges, a hearing was held by the Hearing Committee, which rendered its decision regarding the alleged misconduct. The decision of the Hearing Committee was then reviewed by the Disciplinary Board, upon objections filed by the respondent and the ODC. Ultimately, the decision of the Hearing Committee, and the recommendations of the Disciplinary Board with respect thereto, were reviewed by the Louisiana Supreme Court (hereinafter the court), upon objections filed by the respondent and the ODC.

## Count I (The Wenk Matter)

The ODC charged the respondent with violating Louisiana Rules of Professional Conduct (hereinafter La RPC) rules 1.5

(f) (5) (failing to refund an unearned fee), 1.15 (failing to deposit client funds in a trust account and/or properly account for those funds), 8.1 (c) (failing to cooperate with disciplinary authorities) and 8.4 (c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). The Hearing Committee found that the respondent violated two of the four charges, La RPC rules 1.5 (f) (5) and 1.15. The Disciplinary Board found that the respondent violated three of the four charges, La RPC rules 1.5 (f) (5), 1.15 and 8.1 (c). The court agreed with the Disciplinary Board.

## Count II (The Winn Matter)

The ODC charged the respondent with violating La RPC rules 1.5 (fee arrangements) and 1.15 (failing to account and converting client funds). The Hearing Committee found that the respondent violated La RPC rules 1.5 (a) (collecting an unreasonable fee) and 1.15 (f) (failing to deposit client funds into a trust account, failing to remit funds to a client, and failing to provide an accounting of funds). The Disciplinary Board and the court found that the respondent violated La RPC rules 1.5 (collecting an unreasonable fee) and 1.15 (failing to account and converting client funds).

## Count III Not Sustained

## Count IV (The Crow Matter)

The ODC charged the respondent with violating La RPC rules 1.3 (failing to act with reasonable diligence and promptness in representing a client), 1.4 (failing to communicate with a client) and 1.5 (f) (5) (failing to refund an unearned fee). The Hearing Committee found that the respondent violated La RPC rules 1.4 (a) and (b) (failing to communicate with a client about the objectives of the representation, failing to keep the client reasonably informed, failing to promptly comply with requests for information, and failing to provide sufficient information for the client to participate intelligently in decisions) and 1.5 (f) (4) (failing to render an account for funds paid in advance). The Disciplinary Board and the court sustained the Hearing Committee's findings.

## Count V (The Whitty Matter)

The ODC charged the respondent with violating La RPC rules 1.4 (failing to communicate), 1.5 (fee arrangements), 1.5

(f) (5) (failing to refund an unearned fee), 3.1 (asserting non-meritorious claims and contentions) and 8.4 (c) (engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation). The Hearing Committee found that the respondent violated La RPC rule 1.5 (a) (charging an unreasonable fee, failing to account for funds, failing to cooperate in dispute resolution, and failing to refund fees as ordered). The Disciplinary Board found, and the court agreed, that the respondent violated La RPC rules 1.5 (a) and (f) (5) and 8.4 (c).

### Count VI (The Gillespie Matter)

The ODC charged the respondent with violating La RPC rules 3.4 (c) (knowing disobedience of an obligation under the rules of a tribunal), 8.1 (c) (failing to cooperate with disciplinary authorities) and 8.4 (d) (engaging in conduct prejudicial to the administration of justice). The Hearing Committee found that the ODC failed to meet its burden of proof with respect to any of the charges under this count. While the Disciplinary Board and the court agreed with the Hearing Committee that the ODC did not meet its burden with respect to La RPC rules 3.4 (c) and 8.4 (d), they found that the respondent violated rule 8.1 (c) by failing to keep his address current with the Louisiana State Bar Association.

### Counts VII and VIII

The ODC charged the respondent, inter alia, with two counts of violating La RPC rule 8.1 (c) (failing to cooperate with disciplinary authorities). The Hearing Committee sustained those two counts. The Disciplinary Board and the court similarly found that the respondent violated La RPC rule 8.1 (c) (two counts).

### Count IX (The Boult Matter)

The ODC charged the respondent with violating, inter alia, La RPC rules 1.5 (f) (5) (failing to refund an unearned fee), 3.1 (asserting nonmeritorious claims and contentions) and 8.4 (c) (engaging in conduct involving dishonesty, deceit, fraud, and misrepresentation). The Hearing Committee found that the respondent violated La RPC rule 8.4 (c), but not rule 3.1. The Disciplinary Board agreed with the Hearing Committee that the respondent violated La RPC rule 8.4 (c), but not rule 3.1. The court concurred with the Disciplinary Board, but found that the respondent also violated La RPC rule 1.5 (f) (5) (failing to refund an unearned fee).

The Louisiana Supreme Court's Determination

Having found evidence of professional misconduct, over the respondent's objections, the court found that the respondent acted knowingly, if not intentionally, and that he violated duties owed to his clients, the legal system, and the legal profession, causing actual and potential harm. Furthermore, the court found both aggravating and mitigating factors, as follows: aggravating factors were a pattern of misconduct, multiple offenses, vulnerability of the victims, and substantial experience in the practice of law; mitigating factors were the absence of any prior disciplinary record, the existence of personal and/or emotional problems, and a showing of remorse.

Considering the record in light of the aggravating and mitigating factors, the court found the appropriate sanction to be a three-year suspension from the practice of law in Louisiana. Moreover, the court ordered the respondent to provide an accounting to each of his clients, and to make full restitution to the clients, as appropriate.

The New York Proceeding

On June 19, 2012, the Grievance Committee for the Tenth Judicial District personally served the respondent with a notice pursuant to 22 NYCRR 691.3, advising him of his right to file a verified statement setting forth any of the defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c), and to demand a hearing at which consideration would be given to any of the defenses raised.

In a verified statement dated July 3, 2012, the respondent asserted, pursuant to 22 NYCRR 691.3 (c), that (1) the proceeding in Louisiana was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (2) there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its duties, accept as final the finding of the court in Louisiana as to the respondent's misconduct; and (3) the imposition of discipline by this Court would be unjust (see 22 NYCRR 691.3 [c] [1]-[3]). The respondent demanded a hearing.

Following a preliminary conference on October 18, 2013, and a hearing on January 16, 2014, the Special Referee submitted a report in which he concluded that the respondent had failed to sustain his burden of proving any of the three defenses asserted.

The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline upon the respondent as the Court deems just and proper. The respondent opposes the Grievance Committee's motion to confirm the Special Referee's report, asserting that the "compelling mitigating factors," which are present in this matter, "must lead to the conclusion that the imposition of further sanctions by this Court would be unjust."

## 22 NYCRR 691.3 (c) (1)

The Special Referee noted, as we do, that the respondent filed an answer to the formal charges filed by the ODC. He thereafter fully participated in proceedings before the Hearing Committee, and "appeared by telephone" for oral argument before the Disciplinary Board. Although the respondent was financially unable to appear, personally, before the Louisiana Supreme Court, and was denied the opportunity to participate in proceedings before that court by telephone, he was not denied due process. The respondent was given sufficient notice, and an opportunity to be heard. The grant or denial of the respondent's request to participate by telephone was within the discretion of the court.

## 22 NYCRR 691.3 (c) (2)

The Special Referee concluded, and we agree, that there was not "such an infirmity of proof establishing the [respondent's] misconduct as to give rise to the clear conviction that this [C]ourt could not, consistent with its duties, accept as final the finding of the [Louisiana Supreme Court] as to the [respondent's] misconduct." The respondent had a full and fair opportunity to be heard throughout the Louisiana proceedings. The ODC filed formal charges, and the matter proceeded to a hearing before the Hearing Committee. The Disciplinary Board reviewed the decision of the Hearing Committee, and the Louisiana Supreme Court conducted an independent review of the record. Indeed, the voluminous record of the respondent's disciplinary proceeding in Louisiana, which was placed in evidence in the instant proceeding, includes a 462-page transcript of the respondent's hearing before the Hearing Committee, at which 10 people testified, including the respondent, and 72 exhibits that were admitted into evidence—65 by the ODC and seven by the respondent. The record amply supports the findings of the Louisiana Supreme Court that the respondent was guilty of professional misconduct.

## 22 NYCRR 691.3 (c) (3)

Finally, the Special Referee concluded, and we agree, that the imposition of discipline by this Court would not be unjust. As the Special Referee noted, "[i]t cannot be said that the factual findings and conclusions of the Hearing Committee and [the] Disciplinary Board, [which were] sustained by the Louisiana Supreme Court, would not also be the basis for discipline if made by this [C]ourt."

It is well established that the jurisdiction in which the respondent resided, and practiced law, at the time of the charged misconduct, has the greatest interest in the issue of sanction (*see Matter of Munroe*, 89 AD3d 1, 7 [2011]). "[W]hen the sanction prescribed by the foreign jurisdiction is not inconsistent with the sanction for similar misconduct in this jurisdiction, the Court should impose the same sanction" (*Matter of Sirkin*, 77 AD3d 320, 323 [2010]).

### Mitigation

We have taken into consideration the respondent's struggles with a difficult divorce and his wife's drug addiction; the attention and care the respondent was required to devote to his three young children, while continuing to maintain his law practice; his return to New York with his children, because he believed it was in their best interests; his efforts to repair his life; and his good faith effort to make restitution to his former clients. Moreover, we note that during the Louisiana proceedings, the respondent acknowledged his wrongdoing, apologized, and expressed remorse for his misconduct.

However, despite these mitigating factors, the Louisiana Supreme Court found that the respondent acted *"knowingly, if not intentionally,"* and that he *"violated duties owed to his clients, the legal system, and the legal profession, causing actual and potential harm"* (85 So 3d 62, 72 [emphasis added]). Moreover, the Louisiana Supreme Court noted aggravating factors, including the pattern of misconduct/multiple offenses, the vulnerability of the victims, and the respondent's substantial experience in the practice of law.

Under the totality of the circumstances, we find that the respondent has failed to establish any of the enumerated defenses to the imposition of reciprocal discipline. Accordingly, the Grievance Committee's application pursuant to 22 NYCRR 691.3 is granted, and, effective immediately, the respondent is suspended from the practice of law in New York for a period of

three years, based upon the discipline imposed upon him in the State of Louisiana.

ENG, P.J., MASTRO, RIVERA, SKELOS and HALL, JJ., concur.

Ordered that the application of the Grievance Committee for the Tenth Judicial District to impose reciprocal discipline, based upon an order of the Supreme Court of Louisiana, dated March 13, 2012, which suspended the respondent from the practice of law in that State for a period of three years, is granted; and it is further,

Ordered that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that, effective immediately, the respondent, John Cucci, Jr., is suspended from the practice of law in New York for a period of three years, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than July 28, 2017. In such application, the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, John Cucci, Jr., shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, John Cucci, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).