Matter of Kimmell (2023 NY Slip Op 05502)

Matter of Kimmell

2023 NY Slip Op 05502

Decided on November 1, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
WILLIAM G. FORD, JJ.

2022-07250

[*1]In the Matter of Adam Kimmell, admitted as P. Adam Kimmell, a suspended attorney. (Attorney Registration No. 2434983)

The respondent was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 1, 1980, under the name P. Adam Kimmell. By opinion and order dated April 29, 2002, the respondent was suspended by this Court for one year based on a reciprocal disciplinary proceeding after having been disciplined in Oregon (Matter of Kimmell, 293 AD2d 71). The respondent has not been reinstated to the practice of law in New York. By order to show cause dated October 4, 2022, as amended by a decision and order on motion dated October 13, 2022, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Court of the State of Oregon, dated October 18, 2021.

Diana Maxfield Kearse, Brooklyn, NY (Susan Korenberg of counsel), for the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Adam Kimmell, Portland, OR, respondent pro se.

PER CURIAM.

OPINION & ORDER
By order dated October 18, 2021, the Supreme Court of the State of Oregon publicly reprimanded the respondent for his violation of rule 1.9(a) of the Oregon Rules of Professional Conduct (hereinafter RPC), which prohibits a lawyer who has formerly represented a client in a matter from representing another person in a substantially related matter in which that person's interests are materially adverse to the interests of the former client.
The Oregon Disciplinary Proceeding
The respondent was admitted to the Oregon Bar on November 5, 1991, and maintains his law office and place of business in Oregon. On or about October 14, 2021, the respondent entered into a Stipulation for Discipline with the Oregon State Bar Disciplinary Counsel's Office "freely, voluntarily, and with the opportunity to seek advice from counsel," stating the following: In 2011 and 2012, the respondent represented Nels Johnson (hereinafter Nels) to obtain a modification of child support payable to his first wife, Julie Ann Johnson (hereinafter Julie). Nels disclosed financial information to the respondent that may not have been known to his then-wife, Ginette Johnson (hereinafter Ginette). In May 2019, Nels filed a pro se application for dissolution of his marriage to Ginette. The respondent undertook to represent Ginette in the dissolution matter, and did not obtain informed consent from Nels or Ginette for the representation. The court ultimately ordered the removal of the respondent from representing Ginette in the dissolution matter.
The respondent stipulated that by representing Ginette in the dissolution matter, he violated Oregon RPC 1.9(a) and that public reprimand was appropriate based on the ABA Standards [*2]and Oregon case law.
The respondent further stipulated that he violated his duty to his clients to avoid a conflict of interest and that he was negligent in failing to identify a substantial risk of using confidential information he obtained from a former client. Further, the respondent stipulated that he caused actual injury to his client because Ginette was required to retain new counsel in the dissolution matter when the court ordered the respondent's removal. The respondent also caused injury to Nels, who experienced anxiety that his confidential information could be used against him in the dissolution matter and incurred additional legal fees to compel the respondent's removal from representing Ginette.
In aggravation, the respondent was reprimanded in 1996 for engaging in the unlawful practice of law, and in 2001, the respondent was suspended for a period of six months for engaging in criminal conduct that reflected adversely on a lawyer's honesty, trustworthiness, or fitness to practice law. The parties stipulated that the prior discipline should not be given "substantial weight" given the remoteness in time and because the prior misconduct was not similar to the misconduct at issue here. In mitigation, there was an absence of dishonest or selfish motive by the respondent, and the respondent was cooperative during the Oregon disciplinary proceeding.
The respondent further stipulated to attend a one-day course of study developed and offered by the Oregon Bar on the subjects of legal ethics, professional responsibility, and law office management.
By order dated October 18, 2021, the Adjudicator of the Disciplinary Board approved the stipulation on behalf of the Supreme Court of the State of Oregon, and publicly reprimanded the respondent.
New York Proceeding
This Court and the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts have no record of being notified by the respondent of the subject order of discipline in Oregon, as required by 22 NYCRR 1240.13(d).
By order to show cause dated October 4, 2022, as amended by a decision and order on motion dated October 13, 2022, the respondent was ordered to show cause on or before November 17, 2022, why he should not be reciprocally disciplined. In his letter and "declaration" dated November 29, 2022, the respondent admits that Oregon's version of RPC 1.9(a) appears to be the same as the New York version, but since the misconduct has no connection with New York, he asserts the defense that his Oregon misconduct does not constitute misconduct in New York. The respondent admits that the facts set forth in the stipulation are "more or less correct and complete," except that it fails to mention that he acted in good faith.
In response, the Grievance Committee submits an affirmation stating that the respondent's defense for imposition of reciprocal discipline, that the misconduct has no connection with New York, is without merit. Furthermore, the additional "good faith" mitigation/defense submitted by the respondent here for this Court to consider should have been raised in Oregon when the respondent entered into the stipulation for discipline. Therefore, the respondent has not shown sufficient good cause as to why discipline should not be imposed by this Court.
Findings and Conclusion
Based on the admitted misconduct underlying the discipline imposed by the order of the Supreme Court of the State of Oregon, dated October 18, 2021, we find that the imposition of reciprocal discipline is warranted. Regarding the sanction, this Court has found that:
"[i]n reciprocal proceedings, we generally accord significant weight to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct perpetrated therein. Therefore, when the sanction prescribed by the foreign jurisdiction is not inconsistent with the sanction for similar misconduct in this jurisdiction, the Court should impose the same sanction" (Matter of Sirkin, 77 AD3d 320, 323 [citations omitted]; see Matter of Esposito, 126 AD3d 93, 109).
Therefore, we conclude that the respondent should be publicly censured.
LASALLE, P.J., DILLON, DUFFY, BARROS and FORD, JJ., concur.
ORDERED that, pursuant to 22 NYCRR 1240.13, the respondent, Adam Kimmell, admitted as P. Adam Kimmell, a suspended attorney, is publicly censured for his professional misconduct.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court