Matter of Centner (2024 NY Slip Op 04959)

Matter of Centner

2024 NY Slip Op 04959

Decided on October 9, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY
HELEN VOUTSINAS, JJ.

2023-08633

[*1]In the Matter of Erik W. Centner, an attorney and counselor-at-law. (Attorney Registration No. 4097937)

The respondent was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 22, 2003. By order to show cause dated September 26, 2023, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Court of the State of Arizona dated September 28, 2022.

Catherine A. Sheridan, Acting Chief Counsel, Brooklyn, NY (Michael D'Ambrosio of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Erik W. Centner, Phoenix, Arizona, respondent pro se.

PER CURIAM.

OPINION & ORDER
By final judgment and order dated September 28, 2022, the Supreme Court of the State of Arizona admonished the respondent for his violation of rules 1.3, 1.4, and 1.9(a) of the Arizona Rules of Professional Conduct (hereinafter RPC), which, inter alia, prohibit a lawyer who has formerly represented a client in a matter from representing another person in a substantially related matter in which that person's interests are materially adverse to the interests of the former client.
Arizona Disciplinary Proceeding
The respondent was admitted to the Arizona Bar on March 25, 2019. On August 9, 2019, Joel Cooper and Pamela Cooper, husband and wife, retained the firm Lerner & Rowe (hereinafter the law firm), after they were injured in a car accident in which Joel was driving and Pamela was the passenger. The respondent was employed by the law firm. Joel and Pamela each executed an individual contingency fee agreement with the law firm. In or about October 2019, the adverse insurer asserted that Joel was comparatively negligent in causing the accident, which in turn created a potential conflict related to the law firm's representation of Joel and Pamela. On October 16, 2019, Joel and Pamela each executed separate conflict waivers, and the law firm continued to work on their matters.
In or about June 2020, Joel discharged the law firm and hired new counsel, while Pamela remained with the law firm. On July 28, 2020, Joel, through the new counsel, filed a lawsuit against the adverse driver. In August 2020, the respondent was assigned to Pamela's matter, and on December 18, 2020, the respondent filed a lawsuit on behalf of Pamela against Joel and the adverse driver. The respondent neither sought nor obtained a conflict waiver prior to filing the lawsuit against Joel.
On March 5, 2021, Pamela died of causes unrelated to the accident, and counsel for the adverse driver filed a notice of death statement on March 29, 2021. On June 15, 2021, unaware that his client had passed away, the respondent sent a letter to Pamela to request updated contact information.
A formal complaint was filed by the State Bar of Arizona against the respondent on May 6, 2022. Thereafter, the respondent entered into an Agreement for Discipline by Consent, wherein he conditionally admitted that his conduct violated Arizona RPC rules 1.3 (diligence), 1.4 (communication), and 1.9 (duties to former clients), and agreed to accept discipline in the form of an admonition.
In aggravation, the respondent and the State Bar of Arizona agreed that the respondent had substantial experience in the practice of law. In mitigation, the respondent lacked a prior disciplinary record. According to the Agreement for Discipline by Consent, the respondent is no longer employed by the law firm, and he has his own conflict check systems in place to avoid any conflict issues in the future.
By final judgment and order dated September 28, 2022, the Presiding Disciplinary Judge for the Supreme Court of Arizona accepted the parties' Agreement for Discipline by Consent, admonished the respondent for his misconduct as described above, and directed him to pay the costs and expenses of the State Bar of Arizona in the amount of $1,200 within 30 days of the judgment and order.
New York Proceeding
By order to show cause dated September 26, 2023, the respondent was directed to show cause why he should not be reciprocally disciplined pursuant to 22 NYCRR 1240.13 based on the misconduct underlying the discipline imposed by the final judgment and order of the Supreme Court of the State of Arizona dated September 28, 2022. By Respondent's Affirmation in Opposition to the Order to Show Cause dated November 6, 2023, the respondent asserts that discipline should not be imposed upon him because the misconduct described in the Arizona Agreement for Discipline by Consent does not constitute misconduct in New York. The respondent avers that under rule 1.9 of the New York Rules of Professional Conduct (22 NYCRR 1200.0), a lawyer may bring suit against a former client so long as that client has signed a conflict waiver. The respondent states that there is undisputed evidence that Joel signed a conflict waiver. The respondent additionally asserts that prior to his receipt of the Coopers' litigation file, the respondent's supervisor conducted a conflicts check and determined that no conflict existed.
The respondent further argues that reciprocal discipline should not be imposed as the misconduct had no nexus to New York and to do so would result in duplicative discipline. According to the respondent, the State Bar of Arizona represented to him that the admonition would remain non-public, and he relied on that representation in agreeing to the stipulation. Despite this representation, the respondent's admonishment was published on the Arizona courts' website and further imposition of sanction on him would be unjust. In further mitigation, the respondent contends that he accepted responsibility for his conduct in Arizona and complied with the terms of the sanction imposed by the Arizona Bar.
In response, the Grievance Committee submits that the respondent's assertion that the misconduct does not constitute misconduct in New York, is without merit as the Arizona Rules of Professional Conduct have exact corollaries in the New York Rules of Professional Conduct, those being rules 1.3 (diligence), 1.4 (communication), and 1.9 (duties to former clients). Furthermore, the respondent's argument that he relied on the representation of supervisory attorneys at his firm that a conflict check had been performed should have been raised in Arizona when the respondent entered into the stipulation for discipline. The respondent waived his right to a hearing in Arizona, and his argument that the imposition of discipline in New York would be unjust is without merit.
The Grievance Committee has no record of being notified by the respondent of the subject order of discipline in Arizona, as required by 22 NYCRR 1240.13(d).
Findings and Conclusion
Based on the admitted misconduct underlying the discipline imposed by the final judgment and order of the Supreme Court of the State of Arizona dated September 28, 2022, we agree with the Grievance Committee that the respondent's arguments against the imposition of discipline are without merit and find that reciprocal discipline is warranted. Regarding the sanction, this Court has found that:
"[i]n reciprocal proceedings, we generally accord significant weight to the sanction imposed by the [*2]jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct perpetrated therein. Therefore, when the sanction prescribed by the foreign jurisdiction is not inconsistent with the sanction for similar misconduct in this jurisdiction, the Court should impose the same sanction" (Matter of Sirkin, 77 AD3d 320, 323 [citations omitted]; see Matter of Esposito, 126 AD3d 93, 109).
Therefore, we conclude that the respondent should be publicly censured.
DILLON, J.P., DUFFY, BARROS, CONNOLLY and VOUTSINAS, JJ., concur.
ORDERED that, pursuant to 22 NYCRR 1240.13, the respondent, Erik W. Centner, is publicly censured for his professional misconduct.
ENTER:
Darrell M. Joseph
Clerk of the Court