Matter of Pantiliat (2025 NY Slip Op 04791)

Matter of Pantiliat

2025 NY Slip Op 04791

Decided on August 27, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
DONNA-MARIE E. GOLIA, JJ.

2024-03677

[*1]In the Matter of Eddie A. Pantiliat an attorney and counselor-at-law. (Attorney Registration No. 5542741)

The respondent was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Third Judicial Department on October 18, 2017. By order to show cause dated June 27, 2024, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by a judgment and order of the Supreme Court of the State of Arizona dated September 13, 2023.

Catherine A. Sheridan, Hauppauge, NY (Rose L. Dias of counsel), for Grievance Committee for the Tenth Judicial District.
Harwood Law PLLC, New York, NY (Anthony J. Harwood of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
By judgment and order dated September 13, 2023, the Supreme Court of the State of Arizona publicly reprimanded the respondent for his violation of rules 1.16(a), 4.3, and 8.4(d) of the Arizona Rules of Professional Conduct (hereinafter the RPC), which, inter alia, require a lawyer to withdraw from representation of a client if the representation will result in a violation of the RPC and prohibit a lawyer from giving legal advice to an unrepresented person if the lawyer knows the interests of such a person are in conflict with the interests of the lawyer's client.
Arizona Disciplinary Proceeding
By an Agreement for Discipline by Consent, the respondent admitted that in January 2019 he represented Andrew Bloom's real estate firm, BVO Luxury Groups (hereinafter BVO), and Andrew R. Bloom, P.C. (hereinafter together the Bloom entities), in an action commenced in the Superior Court of Arizona against former sales agents of BVO, Courtney Van Cott and Jennifer Daly. The complaint in that action alleged, inter alia, that Van Cott and Daly stole BVO clients and appropriated trade secrets, depriving BVO and Bloom of profits of approximately $220,000. Van Cott and Daly filed pro per answers and represented themselves in communications with the respondent. On May 27, 2020, Janis Gail Pelletier filed a notice of limited appearance on behalf of Van Cott and Daly and limited her appearance to all depositions and settlement conferences. Pelletier appeared with Van Cott and Daly for their settlement conference and depositions and took Bloom's deposition.
At the parties' settlement conference, Daly offered $5,000 to the Bloom entities to settle the matter, which was rejected, ending the settlement conference. Van Cott and Daly thereafter continued communicating directly with the respondent, and the respondent ceased communication [*2]with Pelletier as the limited scope representation had expired.
On July 7, 2020, the respondent communicated with Daly, without Pelletier, and discussed his plans for the case. The respondent offered to settle with Daly for a payment of $5,000 from Daly to the Bloom entities if Daly cooperated as a favorable witness against Van Cott. In exchange, the respondent offered a dismissal with prejudice of the complaint insofar as asserted against Daly. The respondent informed Daly that he wanted an affidavit from Daly tailored to support the Bloom entities' version of the facts underlying the action, which would be used in a motion for summary judgment. Daly informed the respondent that Van Cott did not solicit any of the alleged BVO clients at issue, those clients had little to no contact with BVO, and Daly wanted to be removed from the action without making an adversary of Van Cott. The respondent informed Daly that he wanted the affidavit to state that the clients at issue were covered by an Independent Contractor Agreement (hereinafter the ICA) and that commissions on the sales and purchases of those clients' homes were due to BVO. The respondent advised Daly that there was nothing criminal that Daly would be testifying to.
On July 8, 2020, and July 9, 2020, the respondent communicated further with Daly, and he subsequently sent her a proposed affidavit. Daly did not sign the proposed affidavit as she believed it contradicted her sworn deposition testimony and, by signing it, she would be committing perjury.
In July 2020, the Bloom entities moved for summary judgment on all claims alleged in the complaint, and in August 2020, Pelletier filed an amended notice of appearance to include representation of Daly and Van Cott on the motion for summary judgment, as well as a cross-motion for summary judgment dismissing the complaint. In December 2020, the Superior Court ruled that the ICA was valid, and the parties' motions for summary judgment were denied.
As part of the briefing for the motions for summary judgment, Pelletier requested sanctions based on the respondent's alleged effort to extort Daly's testimony. On May 25, 2021, the Superior Court held an evidentiary hearing on the issue of sanctions. After the hearing, the court concluded that the respondent had a professional obligation to include Pelletier in his communications with Daly and that he had an obligation to not prepare a document that was knowingly inaccurate for the purpose of obtaining an improper advantage over Van Cott.
The Superior Court further concluded that the respondent and the Bloom entities caused a disruption in the court proceedings and assessed attorneys' fees against the respondent and the Bloom entities. The court further permitted Van Cott and Daly to present evidence at trial regarding the facts and circumstances surrounding the proposed affidavit, thereby creating a conflict between the Bloom entities and the respondent.
Pelletier informed the respondent that he had a conflict of interest in representing the Bloom entities as the respondent would be a necessary witness at trial and that under ethical rules he should withdraw his representation. The respondent refused to do so, and Pelletier moved to disqualify him. In February 2022, the Superior Court ruled that there was a significant risk that the respondent's representation of the Bloom entities would be materially limited by the respondent's own personal interests, since the respondent was under investigation by the State Bar of Arizona for his actions and his personal interests and professional standing were at stake as a result of the investigation. The court disqualified the respondent.
As agreed to in the Agreement for Discipline by Consent, the following aggravating factors were considered: the respondent's prior disciplinary history, a pattern of misconduct, multiple rule violations, and the respondent's substantial experience in the practice of law. The following mitigation was considered: the respondent's cooperation with the proceedings, his evidence of good character, and the imposition of penalties and sanctions.
By judgment and order of the Supreme Court of the State of Arizona dated September 13, 2023, the respondent was publicly reprimanded and placed on probation for one year with the condition that he complete six hours of Continuing Legal Education.
New York Proceeding
By order to show cause dated June 27, 2024, the respondent was directed to show cause why he should not be reciprocally disciplined pursuant to 22 NYCRR 1240.13 based on the misconduct underlying the discipline imposed by the judgment and order of the Supreme Court of the State of Arizona dated September 13, 2023. By affirmation dated September 23, 2024, the respondent does not raise any of the enumerated defenses in 22 NYCRR 1240.13(b) and requests the imposition of public censure as reciprocal discipline. In mitigation, the respondent states that [*3]he made a free and full disclosure to the Arizona disciplinary board and cooperated fully. He further states that his misconduct was negligent, not knowing and intentional, and he is sincerely remorseful for violating the RPC. He recognizes that he failed to report his Arizona discipline to this Court, but states that it was an oversight that he regrets, and that he was unaware of the obligation to report such. The respondent submits that a public censure would be the equivalent of the Arizona sanction and is consistent with sanctions that New York courts have imposed for similar misconduct.
In response, the Grievance Committee submits an affirmation indicating that the respondent did not raise any defenses as enumerated in 22 NYCRR 1240.13(b) and that the mitigation he sets forth is a matter for this Court's consideration.
The respondent failed to notify this Court of his Arizona discipline as required by 22 NYCRR 1240.13(d), and the Grievance Committee learned of the discipline when the State Bar of Arizona reported such.
Findings and Conclusion
Based on the admitted misconduct underlying the discipline imposed by the judgment and order of the Supreme Court of the State of Arizona dated September 13, 2023, we find that the imposition of discipline is warranted. Regarding the sanction, this Court has found that:
"[i]n reciprocal proceedings, we generally accord significant weight to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct perpetrated therein. Therefore, when the sanction prescribed by the foreign jurisdiction is not inconsistent with the sanction for similar misconduct in this jurisdiction, the Court should impose the same sanction" (Matter of Sirkin, 77 AD3d 320, 323 [citations omitted]; see Matter of Esposito, 126 AD3d 93, 109).
Therefore, we conclude that the respondent should be publicly censured.
LASALLE, P.J., DILLON, DUFFY, BARROS, and GOLIA, JJ., concur.
ORDERED that, pursuant to 22 NYCRR 1240.13, the respondent, Eddie A. Pantiliat, is publicly censured for his professional misconduct.
ENTER:
Darrell M. Joseph
Clerk of the Court