[932 NYS2d 11]

In the Matter of EARL D. MUNROE (Admitted as EARL DANA MUNROE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 15, 2011

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy Wu* of counsel), for petitioner.

*Earl D. Munroe*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Earl D. Munroe was admitted to the practice of law in the State of New York by the First Judicial Department on May 8, 1989 as Earl Dana Munroe. Respondent was also admitted to practice in the Commonwealth of Massachusetts on December 14, 1988.

Predicated upon misconduct that occurred in Massachusetts and resulted in the imposition of discipline by the Supreme Judicial Court of the Commonwealth of Massachusetts for Suffolk County, the Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.3 suspending respondent from the practice of law for a period of five years or imposing whatever discipline this Court deems appropriate. Although respondent requested and received an adjournment of this motion, he has not interposed any response.

By order entered June 21, 2010, the Commonwealth of Massachusetts suspended respondent from the practice of law for a 2½-year period for misconduct in connection with two matters: the handling of a longtime client's affairs before and after that client's death and his representation of a church faction in a dispute over control of the church and its assets. The discipline was imposed pursuant to a stipulation in which respondent

acknowledged that the material facts upon which the petition was alleged would be proven at a hearing (with the exception of charges relating to the conversion of funds) and agreed not to contest the major part of the disciplinary violations charged.

Respondent represented Evan T. Nystedt, a close friend, in various matters from 1989 until Nystedt's death in May 2004, from chronic alcoholism. Respondent was also counsel for the Thomas B. Knight & Co. Insurance Agency, which was 100%-owned by Nystedt by the time of his death. Although aware that Nystedt had a brother, Douglas O. Nystedt, Jr., respondent prepared a will in May 2000 naming himself as the sole beneficiary and executor, which was ultimately disallowed (*see Munroe v Nystedt*, 73 Mass App Ct 1103, 896 NE2d 59 [2008]). After decedent's death, respondent sought to probate the will and have himself appointed as temporary and permanent executor with authority to operate the Knight agency for the benefit of the estate. Respondent did not inform the Probate Court that he would be claiming a 20% ownership interest in the agency and that he had transferred half of that interest to his wife after decedent's death. Respondent also did not inform the court that he claimed to be an officer and director of the agency, was counsel to the company, had been using its office for his law office without paying rent, and would be claiming a share of its profits and compensation for his services to the company as owner, officer, director and counsel.

By preparing a will giving himself a substantial testamentary gift, respondent violated Massachusetts Rules of Professional Conduct (Mass RPC) rules 1.7 (b), 1.8 (c) and 1.16 (a) (1). By failing to explain that the will would be subject to a challenge because this gift prevented decedent from being able to make an informed decision, respondent violated Mass RPC rule 1.4 (b). By not disclosing his personal interest in the Knight insurance agency to Probate Court, he violated Mass RPC rule 3.3 (d), by failing to disclose material facts known to respondent in connection with his request to operate the business for the estate; rule 8.4 (d), by seeking appointment as executor when his other interests disqualified him as a suitable fiduciary; and rules 1.7 (a), (b) and 8.4 (d), by acting as counsel to the agency while asserting a claim of ownership, seeking appointment as executor and offering a will to probate which was likely to be challenged. Finally, by failing to take substantial action to locate and notify decedent's brother of the petition, respondent violated Mass RPC rules 3.4 (c) and 8.4 (d).

In July 2004, respondent liquidated decedent's 401(k) and deposited approximately $93,740 into an estate account. He then withdrew over $30,000 from that account, including $15,000 for his own benefit, exceeding his authority as temporary executor and violating his obligation to preserve the assets of the estate. Although he restored the $15,000 to the estate, he later distributed over $23,000 from the estate account to pay estate expenses. The failure to keep estate funds in a trust account and the distribution of estate funds without authority violated Mass RPC rules 1.15 (b) (1), (3) and 8.4 (d), and the failure to maintain complete records of the estate account violated rule 1.15 (f). Respondent failed to file "upon oath a true account" of his administration and an inventory of decedent's property within 30 days of the expiration of his appointment as temporary executor, as required by Massachusetts General Laws Annotated, chapter 192, § 16.

Upon the application of decedent's brother, Probate Court appointed a special administrator, and respondent went to considerable lengths to frustrate her administration of the estate—filing an inventory that intentionally misrepresented estate assets, including underreporting the value of decedent's 401(k); omitting his boat, of which respondent had possession and control; and failing to report a $400,000 civil claim being pursued by the estate, in which respondent was counsel of record. As a consequence, the court held respondent in contempt for his failure to file and serve a complete and accurate final account as temporary executor of the estate.

Respondent also commenced an action against the Special Administrator in her personal capacity (*Munroe v McGee*, Essex Super Ct, No. ESCV 2005-01080) for defamation, falsely swearing that he and his wife owned a 20% interest in the Knight insurance agency. The Special Administrator was obliged to obtain an injunction to prevent respondent from disposing of the agency's assets. Respondent then commenced a federal suit against her and her counsel (*Munroe v McGee*, 478 F Supp 2d 110 [D Mass 2007]) and filed an unsuccessful ex parte motion seeking to enjoin the Special Administrator from operating the business.

Respondent's obstruction of the estate's administration violated Mass RPC rules 3.4 (a) and 8.4 (d), and his intentional misrepresentation of ownership in the insurance agency violated rules 8.1 (a) and 8.4 (c) and (h). His filing of frivolous lawsuits and false representations to the courts concerning such owner-

ship violated Mass RPC rules 3.1, 3.3 (a) (1) and 8.4 (c), (d) and (h), and falsifying evidence and offering false evidence violated rules 3.3 (a) (1) and (4), 3.4 (b), 8.1 (a) and 8.4 (c), (d) and (h). Finally, respondent stipulated that he was previously admonished in 2000 for failing to timely settle an estate.

In the other matter resulting in disciplinary action, respondent represented a dissident church faction of the Boston Society of the New Jerusalem, Inc. between September 2008 and April 2009. The church owned substantial assets, including real property held and managed through Boston View Corp. The dissident faction held a secret meeting at which they appointed themselves as the new leaders of the church and changed the locks to bar entry to the elected leaders and membership, resulting in an equitable action in which the Massachusetts Superior Court declared the faction's takeover to be invalid and directed restoration of the status quo ante. Respondent deposited rent checks totaling over $11,000 into his attorney's trust account (IOLTA) on the day prior to entry of the order and $18,000 in rent checks on the next day, from which respondent paid himself $10,000 as his legal fee without advising his clients that their appropriation of rent checks and his use of such funds violated the court's order.

Failure to consult with the faction and failure to withdraw from representation violated Mass RPC rules 1.2 (e) and 1.16 (a) (1), respectively. In October 2008, the church filed a civil contempt complaint against respondent and the faction. Respondent only returned the disputed funds to his IOLTA account in late February 2009. His failure to promptly return the disputed rent funds to his IOLTA account violated Mass RPC rule 1.15 (b) (2) (ii). In March 2009, the parties to the church dispute entered into a settlement that included a provision that respondent retain the funds he had taken for his legal fee.

By misrepresenting the estate's assets and falsely claiming ownership of the Knight insurance agency, respondent "engage[d] in conduct involving dishonesty, fraud, deceit, or misrepresentation," in violation of Mass RPC rule 8.4 (c) and New York's analogous Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), which contains identical language. The filing of false claims in support of ownership and submitting false documents with respect to estate assets with the courts violated Mass RPC rule 3.3 (a) (1), which prohibits a lawyer from knowingly "mak[ing] a false statement of material fact or law to a tribunal." DR 7-102 (a) (6) (22 NYCRR 1200.33

[a] [6]) similarly prohibits a lawyer from "[p]articipat[ing] in the creation . . . of evidence when the lawyer knows . . . that the evidence is false" (see also DR 7-102 [a] [5] [22 NYCRR 1200.33 (a) (5)]).

Respondent's conduct in connection with the drafting of the will of Evan T. Nystedt violated Mass RPC rule 1.7 (b), which provides that

> "[a] lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

> "(1) the lawyer reasonably believes the representation will not be adversely affected; and

> "(2) the client consents after consultation."

DR 5-101 (a) (22 NYCRR 1200.20 [a]) likewise prohibits an attorney from accepting or continuing employment if his judgment may be affected by his own interests, "unless a disinterested lawyer would believe that the representation . . . will not be adversely affected thereby and the client consents to the representation after full disclosure of the implications of the lawyer's interest." DR 2-110 (b) (2) (22 NYCRR 1200.15 [b] [2]), like Mass RPC rule 1.16 (a) (1), prohibits a lawyer from representing a client where the representation will result in a violation of a disciplinary rule.

Respondent did not contest that simultaneously acting as counsel for the Knight insurance agency and the estate's temporary executor violated Mass RPC rules 1.7 (a) and (b), which conduct is prohibited by DR 5-105 (b) and (c) (22 NYCRR 1200.24 [b], [c]). He also did not contest knowingly disobeying his obligations to the court by failing to give notice of the probate petition, obstructing administration of decedent's estate and misappropriating rent money in violation of a court order in violation of Mass RPC rule 3.4 (c), which provides that "[a] lawyer shall not . . . knowingly disobey an obligation under the rules of a tribunal . . . ." Such conduct is prohibited by DR 7-106 (a) (22 NYCRR 1200.37 [a]), which provides that "[a] lawyer shall not disregard . . . a standing rule . . . or a ruling of a tribunal . . . ."

Respondent did not contest the charge that he failed to segregate estate funds from his own property, distributed such funds without authority and failed to properly identify and

safeguard trust property in violation of Mass RPC rules 1.15 (b) (1) and (3). Such misconduct is likewise prohibited by DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1]), which requires that lawyers maintain separate accounts for funds belonging to another which are held incident to the lawyer's practice of law, and by DR 9-102 (c) (2) (22 NYCRR 1200.46 [c] [2]), which requires that client properties be properly labeled and identified.

Failure to pay estate funds to the Special Administrator violated Mass RPC rule 1.15 (c), which requires prompt delivery of funds to which she was entitled, as does DR 9-102 (c) (1) and (4) (22 NYCRR 1200.46 [c] [1], [4]). Failure to timely file an accounting as temporary executor violated Mass RPC rule 1.15 (d) (1), which is analogous to DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3]). Failure to maintain complete records of the estate account funds violated Mass RPC rules 1.15 (f) (1) (B), (E) and (F) relating to the "Safekeeping of Property" and the maintenance of trust account records, which are analogous to DR 9-102 (d) (1), (2), (4), (8) and (9) (22 NYCRR 1200.46 [d] [1], [2], [4], [8], [9]), provisions that identify the "Required Bookkeeping Records" to be maintained by counsel. All these acts indicate that respondent engaged in conduct that reflects adversely on his fitness to practice law (DR 1-102 [a] [7] [22 NYCRR 1200.3 (a) (7)]).

Having knowingly waived his right to an evidentiary hearing in connection with the Massachusetts disciplinary petition and admitted that the material facts of that petition would be established by a preponderance of the evidence, respondent has no defense to violation of the analogous New York Disciplinary Rules on the grounds of lack of due process or infirmity of evidence under 22 NYCRR 603.3 (c) (1). Thus, this Court can accept as final the uncontested factual allegations contained in the Massachusetts disciplinary petition.

As to sanctions, it is generally accepted that the state where respondent lived and practiced law at the time of the offense has the greatest interest in the issue (*see Matter of Anschell*, 11 AD3d 56 [2004]; *Matter of Reiss*, 119 AD2d 1 [1986]). However, when the sanction in the home state deviates substantially from this Court's precedent, we have departed from the general policy of deference and imposed a more severe penalty where warranted (*Matter of Lowell*, 14 AD3d 41 [2004], *appeal dismissed* 4 NY3d 846 [2005], *lv denied* 5 NY3d 708 [2005]).

The Committee argues that this Court should depart from the Massachusetts sanction since the type of misconduct

engaged in by respondent has historically resulted in the imposition of a more severe sanction by this Court, which views forgery by an attorney as a "serious matter" that "strikes at the very heart of an attorney's obligations to be honest in all of his or her . . . dealings" (*Matter of Mahoney*, 56 AD3d 169, 176 [2008]). "The sanctions generally imposed for forgery offenses range from a short suspension to disbarment depending upon the repetitiveness of the misconduct and the desire for personal profit" (*Matter of Glotzer*, 191 AD2d 112, 114 [1993] [six-month suspension for causing a forged stipulation to be filed with the court where no venal purpose was shown and the client was not prejudiced]; *Matter of Lowell*, 14 AD3d at 48-50 [disbarment imposed where attorney's misconduct included filing forged certifications with the court and assisting a client in transferring assets in violation of a restraining order, despite submission of mitigating evidence]).

Respondent's misconduct in this matter is analogous to cases where this Court has found disbarment to be warranted. He fabricated stock certificates in order to support his false claim of ownership in his deceased client's company, which claim he made to the courts, Bar Counsel, and to others. While there was no specific finding in the Massachusetts proceedings of "personal profit," the only conceivable purpose for such fabrication is personal gain. His misconduct constitutes an "egregious pattern[ ] of violations of legal and ethical obligations" (*Lowell*, 14 AD3d at 49), without any evidence of any mitigating circumstances (*id.* at 47 [major depressive disorder]). Respondent's entire handling of the decedent's estate, from the drafting of the will to his obstruction of the Special Administrator's handling of the estate, was permeated with misconduct, and his filing of frivolous lawsuits and refusal to obey court orders evidenced a pattern of disdain for the courts. Similar disregard was demonstrated by his behavior in the church matter in depositing the church's rent checks and using the proceeds in knowing violation of a court order. We further note that respondent has been delinquent in paying his New York biennial registration fees since 2007. Thus, we depart from the Committee's recommendation of a five-year suspension and impose a sanction of disbarment (*see Matter of Brooks*, 271 AD2d 127 [2000], *appeal dismissed* 95 NY2d 955 [2000]).

Accordingly, the Committee's petition should be granted to the extent that it seeks findings of misconduct and an alternate sanction, and respondent should be disbarred and his name

stricken from the roll of attorneys in the State of New York, effective immediately.

TOM, J.P., MAZZARELLI, ACOSTA, DEGRASSE and ROMÁN, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.