Matter of Morris (2021 NY Slip Op 02529)





Matter of Morris


2021 NY Slip Op 02529


Decided on April 28, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2020-01513

[*1]In the Matter of Brian Christopher Morris, a suspended attorney. (Attorney Registration No. 4293510)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 18, 2005. By order to show cause dated May 12, 2020, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Court of Florida dated January 25, 2018, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court. In a separate proceeding under Appellate Division Docket No. 2017-10466, by opinion and order of this Court dated May 23, 2018, the respondent was immediately suspended from the practice of law, continuing until further order of this Court (see Matter of Morris, 162 AD3d 89).



Catherine A. Sheridan, Hauppauge, NY (Stacey J. Sharpelletti of counsel), for Grievance Committee for the Tenth Judicial District.
Long Tuminello, LLP, Bay Shore, NY (Michelle Aulivola of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
By order dated January 25, 2018, the Supreme Court of Florida disbarred the respondent, effective immediately, and entered a judgment for costs against him in the amount of $13,397.93.
Florida Proceedings
After practicing law in the State of New York for approximately 2½ years following his admission on May 18, 2005, the respondent relocated to the State of Florida, and was admitted to practice law in that state in March 2011.
On February 9, 2017, the Supreme Court of Florida held the respondent in contempt, publicly reprimanded him, and ordered him to pay costs in the amount of $1,250. This order was based on the respondent's failure to comply with a subpoena duces tecum, issued by the Florida Bar, to produce trust account records in a timely manner.
On May 2, 2017, the Florida Bar filed a petition for emergency suspension against the respondent. That petition was filed after the Florida Bar had conducted an audit of the respondent's trust account for the period of September 1, 2015, through September 30, 2016, and concluded that the respondent had commingled and misappropriated client trust funds for his own benefit. The Florida Bar's audit revealed, among other things, that there were shortages in the respondent's trust account in every month of the audit period, ranging from $2,111.78 to $9,376.25. The deficiency was caused by the respondent's numerous online transfers to his operating and personal accounts unrelated to any client matters. Some of the transfers funded overdrafts in his personal checking account, ATM withdrawals, and payment of various business and personal [*2]expenses, including his personal mortgage and a family vacation, as well as to fund payments to his employees. On December 22, 2016, the respondent deposited $4,813.70 in cash into the trust account to partially correct the shortage. However, there remained a $1,548.21 deficiency in the trust account. Additionally, the respondent failed to adequately maintain the required trust account records as required by the Rules Regulating the Florida Bar (hereinafter the Florida rules).
The petition for emergency suspension alleged that the respondent violated multiple Florida rules, including rule 4-1.15 (stating that an attorney shall comply with rules regulating trust accounts); rule 4-8.4(c) (stating that an attorney shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); rule 5-1.1(a)(1) (among other things, requiring personal funds to be held separate from funds in trust for clients or third persons); rule 5-1.1(b) (requiring trust funds being held for a specific purpose [fees, costs, expenses] to be applied only for that purpose); rules 5-1.2(b)(6) and (7) (addressed to required trust accounting records); rule 5-1.2(d)(1)(B) (addressed to required trust accounting procedures); and rule 5-1.2(e) (setting a limitation on electronic wire transfers). The Florida Bar contended that the respondent had caused, or was likely to cause, immediate and serious harm to clients and/or the public such that immediate action must be taken for the protection of the respondent's clients and the public.
By order dated May 5, 2017, the Supreme Court of Florida approved the Florida Bar's emergency petition, and suspended the respondent from the practice of law until further order of that court.
On June 29, 2017, a default was entered against the respondent. Thereafter, on July 17, 2017, a final hearing was held before a referee to determine the appropriate discipline to impose. The respondent and his wife testified at the final hearing. After the hearing, the referee issued a report dated August 14, 2017.
Initially, based on the respondent's default, the referee found that the Florida Bar had proven the allegations in the petition by clear and convincing evidence. The Bar had received nine complaints alleging, among other things, that the respondent had not maintained adequate client communication, neglected cases, lacked competence, failed to earn his fees, failed to provide accountings of client funds, and failed to return costs deposits. It was also alleged that the respondent mismanaged fees held in trust and had insufficient funds in his business account.
The referee noted additional findings based on evidence presented at the final sanction hearing. The respondent continued to commingle client trust funds with his own, and continued in his failure to maintain the required trust account records and to perform trust accounting procedures mandated by the Florida rules after the initial audit ending September 30, 2016, and during the continued investigation of the matter through April 30, 2017. It appeared from the trust accounting records the respondent furnished in response to a subpoena that the amount of the shortage increased.
The respondent failed to comply with a provision in the emergency suspension order of the Supreme Court of Florida directing him to immediately furnish a copy of that order to all clients, opposing counsel, and courts in which he was counsel of record within 30 days of the order. This included a failure to notify the United States Bankruptcy Court for the Middle District of Florida, as was demonstrated by an expedited motion for sanctions against the respondent in that court. In addition, the Florida Bar received at least 13 complaints after the respondent's suspension that he had not notified clients of his suspension or the closing of his office, and/or had not performed any services or refunded fees.
Further, the respondent failed to cooperate with the Florida Bar throughout its investigation by not timely responding to initial subpoenas served on October 4, 2016, for trust account records, which led to the February 9, 2017 order of the Supreme Court of Florida, inter alia, holding the respondent in contempt and publicly reprimanding him. Thereafter, the respondent failed to timely respond to a second subpoena, served April 27, 2017, for additional trust fund records, which were not received until July 14, 2017. The respondent also failed to timely respond to the Florida Bar's discovery requests which the referee ordered due by July 6, 2017, resulting in the issuance of an order compelling the respondent to comply by July 12, 2017, which was not done. The records sought by subpoena and discovery requests were received late.
By way of mitigation, the respondent and his wife testified to multiple health issues involving the respondent's wife and their children, as well as school safety issues involving his children. In addition, the respondent testified that during the time his family was suffering from medical issues, he moved his family back to New York and opened a new office in New York while keeping open his office in Florida.
The referee noted the mitigating factors the respondent cited. In recommending that respondent be found guilty of violating the above-cited Florida rules, and that the sanction of disbarment was appropriate, the referee, among other things, noted as aggravating factors the respondent's prior public reprimand. She also noted his misappropriation of client trust funds for his own benefit when he withdrew client funds to pay two employees and transferred client funds to his personal and operating accounts to satisfy overdraft charges and to pay his office rent and personal mortgage, as well as for a family vacation.
The referee also noted a "pattern of misconduct"—from September 1, 2015, through September 30, 2016, there were shortages in the respondent's trust account every month caused by his online transfers to his operating and personal accounts unrelated to client matters. He failed to close his law office after his emergency suspension, prejudicing his clients.
The referee also cited the respondent's "[b]ad faith obstruction" of the disciplinary proceeding by his intentional failure to timely provide requested and subpoenaed records until he was compelled to do so.
In his sworn statement and in his testimony at the final sanction hearing, the respondent did not acknowledge the wrongfulness of his conduct. According to the referee, the respondent's testimony and demeanor "demonstrated a complete lack of insight into the seriousness or wrongfulness of his conduct, as well as a lack of remorse."
The respondent failed to timely inform his clients that he was suspended on an emergency basis and that his office was closed. He did not provide current trust account records to show who is entitled to money from his trust account.
There also was no evidence that respondent made any attempt to pay restitution to clients who are owed funds.
In its order dated January 25, 2018, the Supreme Court of Florida approved the referee's report and disbarred the respondent, effective immediately, and entered a judgment for costs against him in the amount of $13,397.93 (hereinafter the Florida disbarment order). Under the circumstances of the respondent's case, the period of his disbarment is five years (see Florida rule 3-5.1[f]).
New York Proceedings
By order to show cause dated October 20, 2017, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by the orders of the Supreme Court of Florida dated February 9, 2017, and May 5, 2017, which, as noted, publicly reprimanded and immediately suspended him. The respondent did not respond to that order to show cause. He contends that he did not receive that order, as he no longer was using the address to which it was delivered. By opinion and order dated May 23, 2018, this Court suspended the respondent until further order of the Court.
After being disbarred by the Florida disbarment order, the respondent failed to notify this Court and the appropriate Grievance Committee as required by 22 NYCRR 1240.13(d). The respondent's first notice of the Florida disbarment order was made to the Grievance Committee for the Tenth Judicial District by his counsel's letter dated December 4, 2019.
By order to show cause dated May 12, 2020, the respondent was directed to show cause before this Court why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by the Florida disbarment order.
In response to this Court's May 12, 2020 order to show cause, the respondent does not raise any of the defenses enumerated in 22 NYCRR 1240.13(b). Rather, he offers factors in mitigation and requests that this Court do no more than issue a public censure. Alternatively, should this Court determine that a suspension is warranted, he asks that any period of suspension be imposed nunc pro tunc to July 2015, when he contends he returned to New York, because he has refrained from practicing law in this State since then, or nunc pro tunc to May 23, 2018, the date of this Court's previous suspension order. The factors the respondent cites in mitigation include, inter alia, family health issues in the relevant period of time, school safety issues involving his children, the loss of close family members, continued operation of his Florida practice after his return to New York which required frequent travel, and inexperience in the practice of law and managing a law office.
Findings and Conclusion
We find that reciprocal discipline is warranted based on the discipline imposed by the Supreme Court of Florida.
The Florida Bar received numerous complaints about the respondent, and the ensuing investigation revealed his violations of multiple Florida rules as a result of his commingling and misappropriation of client funds held in trust. Funds that he misappropriated were used to pay for various business and personal expenses, including his personal mortgage and a family vacation. He failed to maintain adequate trust account records.
In addition, this case presents a number of aggravating factors. The respondent demonstrated a flagrant disregard of the Florida Bar's investigative process. Some of the respondent's defalcations continued beyond the audit period, while the Florida Bar was investigating his conduct. He defied a subpoena, leading the Supreme Court of Florida to hold him in contempt and publicly reprimand him. He failed to timely respond to a second Florida Bar subpoena, as well as other discovery requests it made.
The respondent did not notify his clients of the May 5, 2017 suspension order of the Florida Supreme Court, resulting in 13 complaints. He failed to notify the United States Bankruptcy Court for the Middle District of Florida of his suspension, which led to a motion for sanctions against him in that court.
Further, the respondent did not timely notify this Court or the Grievance Committee of the Florida disbarment order. His counsel notified the Grievance Committee of the latter order by letter dated December 4, 2019, almost two years later.
The respondent does not address whether he has paid the costs imposed by the Supreme Court of Florida in its orders dated February 9, 2017, and January 25, 2018. There is no evidence that he has. The referee in Florida noted that there was no evidence that the respondent made any attempt to pay restitution to clients who are owed funds. The referee also noted that at the final sanction hearing, the respondent did not acknowledge that his conduct was wrong, and did not demonstrate remorse. This is in contrast to his affidavit in this Court, in which he states that he is "sorry" and "determined to learn from this experience."
In view of the foregoing, based on the discipline imposed by the Supreme Court of Florida, we find that reciprocal discipline is warranted, and upon a consideration of the aggravating and mitigating factors, including the respondent's failure to timely notify this Court or the Grievance Committee of his Florida disbarment, a three-year suspension is warranted, effective immediately, without credit for the time he has served under the interim suspension imposed by this Court by opinion and order dated May 23, 2018, or for the time prior to that date the respondent contends he has been residing in New York but not practicing law.
MASTRO, A.P.J., RIVERA, DILLON, CHAMBERS and MILLER, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Brian Christopher Morris, a suspended attorney, is suspended from the practice of law for a period of three years, effective immediately, without credit for the time the respondent has already served under the interim suspension imposed by this Court by opinion and order dated May 23, 2018, or for the time prior to that date the respondent contends he has been residing in New York but not practicing law, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than October 30, 2023. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of the Court, the respondent, Brian Christopher Morris, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Brian Christopher Morris, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, [*3]commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Brian Christopher Morris, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court