Matter of Bacotti (2021 NY Slip Op 03452)





Matter of Bacotti


2021 NY Slip Op 03452


Decided on June 2, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS, JJ.


2019-13490

[*1]In the Matter of Christopher Bacotti, an attorney and counselor-at-law. (Attorney Registration No. 2478667.)



The respondent, Christopher Bacotti, was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 20, 1992. By order to show cause dated December 9, 2019, this Court directed the respondent to show cause why discipline should not be imposed upon him in this State pursuant to 22 NYCRR 1240.13 for the misconduct underlying the discipline imposed by an order of the Superior Court of the State of Connecticut dated September 12, 2019.



Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for the Grievance Committee for the Tenth Judicial District.
Christopher Bacotti, Melville, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
By order dated September 12, 2019, the Superior Court of the State of Connecticut (hereinafter the Superior Court), inter alia, placed the respondent on interim suspension from the practice of law until further order of that court. The order was predicated upon an application by the Office of Chief Disciplinary Counsel (hereinafter Disciplinary Counsel) filed on August 7, 2019, which alleged, among other things, misconduct involving the respondent's Connecticut IOLA account (hereinafter IOLA account) and his failure to cooperate with its investigation regarding the same.
Connecticut Proceeding
The investigation stemmed from a November 21, 2018 grievance complaint initiated following an overdraft in the respondent's IOLA account. Based upon that investigation, Disciplinary Counsel filed an application for an order of interim suspension and presentment of attorney misconduct, alleging that the respondent committed multiple violations of the Connecticut Rules of Professional Conduct (hereinafter RPC) and the Connecticut Practice Book (hereinafter CPB). Specifically, the respondent was alleged to have commingled personal funds with client funds (RPC rule 1.15[b]; CPB § 2-27[a]); maintained client funds in the State of Connecticut where the respondent did not maintain an office and without client consent (RPC rule 1.15[b]); failed to maintain the required records for his IOLA account (RPC rule 1.15[j]); issued checks payable to cash from his IOLA account (RPC rule 1.15[k][3]); made cash withdrawals from his IOLA account (RPC rule 1.15[k][3]); failed to respond to a lawful demand for information by Connecticut grievance authorities (RPC rule 8.1); failed to properly identify his trust account (CPB § 2-28[b]); and failed to provide requested records when notified of the IOLA account overdraft (CPB § 2-28[h]). Disciplinary Counsel contended that the respondent posed a substantial threat of irreparable harm to his clients and to prospective clients.
By order dated September 12, 2019, the Superior Court granted Disciplinary Counsel's application, and suspended the respondent from the practice of law until further order of that court, based upon clear and convincing evidence that the respondent made "numerous" cash withdrawals from his IOLA account and failed to cooperate with Disciplinary Counsel's investigation in connection with the same. Additionally, the Superior Court, pursuant to CPB section 2-64, appointed a trustee to take control of the respondent's client's funds, his IOLA account, and all other fiduciary accounts held by the respondent. Thereafter, by order of the Superior Court dated October 28, 2019, the respondent was found to be in contempt for willfully failing or refusing to comply with the Superior Court's September 12, 2019 order by not providing the Trustee with, inter alia, client information.
The New York Proceeding
By order to show cause dated December 9, 2019, this Court directed the respondent to show cause why discipline should not be imposed upon him in this State pursuant to 22 NYCRR 1240.13 for the misconduct underlying the discipline imposed by the order of the Superior Court, dated September 12, 2019, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Grievance Committee for the Tenth Judicial District, on or before January 29, 2020. The respondent has filed an affidavit, dated January 29, 2020, opposing the imposition of reciprocal discipline. The Grievance Committee filed an affirmation in response to the respondent's affidavit, dated February 24, 2020, requesting that this Court impose discipline upon the respondent based upon the Connecticut order.
The respondent asserts all three defenses provided in 22 NYCRR 1240.13(b), namely: (1) that he was not provided due process in the Connecticut proceeding; (2) that there was an infirmity of proof establishing his misconduct; and (3) that the misconduct the Connecticut order was based upon does not constitute misconduct in New York, and therefore, this Court should not impose reciprocal discipline.
The respondent contends the dishonored check prompting the Connecticut investigation emanated from a returned deposit due to a bank error and that all affected parties have been made whole. He further contends all documents requested during the grievance investigation were provided.
In regard to the September 12, 2019 Connecticut order of suspension, the respondent argues that he had "no opportunity to defend [himself] . . . to the Connecticut court" due to his incarceration at the Nassau County Correctional Facility in New York on the date of the hearing. He further argues that despite his request for an adjournment, which the respondent explains was made through "both his attorney and designated agent," the matter proceeded. Thereafter, the respondent states that he sought to vacate the temporary order of suspension and defend against the subsequent contempt motion, however, he failed to follow the court procedure, and therefore, his motion and response papers were not accepted for filing.
The respondent further argues that he should not be disciplined because, among other things, he did in fact cooperate with the Connecticut investigation, and that the misconduct in Connecticut does not constitute misconduct in New York.
Findings and Conclusion
Pursuant to 22 NYCRR 1240.13(c), the enumerated defenses to reciprocal discipline are limited to the court finding that: (1) the procedure in the foreign jurisdiction deprived the respondent of due process of law; (2) there was insufficient proof that the respondent committed the misconduct; or (3) the imposition of discipline would be unjust. The respondent bears the burden on this issue (see 22 NYCRR 1240.13[b]; see also Matter of Feng Li, 149 AD3d 238).
Here, the respondent contends the Connecticut order was issued without due process being afforded. Although the respondent was incarcerated for the September 12, 2019 motion return date, he does not contest being duly served. The respondent contends that he requested an adjournment, but has failed to provide proof of this request. Moreover, the respondent was released from the Nassau County Correctional Facility on September 13, 2019, prior to the subsequent finding of contempt that, inter alia, continued the order of suspension. Despite the respondent's generalized claims of an inability to present evidence, to wit, "[a]ll proceedings in Connecticut were taken on default. I had no opportunity to defend myself . . .," he does not allege a lack of notice of the proceedings. To the contrary, the respondent admits to attempting to file opposition papers to the contempt motion and a cross motion seeking to vacate the original order of suspension, but was unsuccessful due to his failure to follow court procedure. The respondent's failure to follow proper [*2]court procedure is not tantamount to a deprivation of due process.
On November 8, 2019, the respondent did properly file in the Superior Court a motion to vacate the orders dated September 12, 2019, and October 28, 2019. In his January 29, 2020 affidavit to this Court, the respondent references this motion: "I have recently moved the Connecticut Court to vacate the default determinations. I have demonstrated my inability to appear and meritorious defenses." However, the record shows that this motion to vacate was denied on November 25, 2019, months prior to the filing of his affidavit with this Court.
The respondent further argues that the Connecticut motion seeking his suspension was "devoid of facts or evidence in support of its bald, non-specific allegations." However, exhibits provided by the respondent to this Court show that he failed to provide records upon the request of Disciplinary Counsel. Moreover, the Superior Court found clear and convincing evidence of the respondent's misconduct.
Finally, contrary to the respondent's contention, the misconduct for which he has been disciplined by the Superior Court constitutes misconduct in New York. The respondent was found to have failed to cooperate with an investigation of attorney misconduct and to have made cash
withdrawals from his attorney escrow account, in violation of rules 1.15(e) and 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively.
Accordingly, we find that the imposition of reciprocal discipline is warranted based on the findings of the Superior Court, and the respondent is suspended from the practice of law, effective immediately, until further order of this Court (see Matter of Hummel, 99 AD3d 133; Matter of Gold, 75 AD3d 82).
LASALLE, P.J., MASTRO, RIVERA, DILLON and CHAMBERS, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Christopher Bacotti, is suspended from the practice of law in the State of New York, effective immediately, and continuing until further order of this Court; and it is further,
ORDERED that during the period of suspension and until further order of the Court, the respondent, Christopher Bacotti, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Christopher Bacotti, shall desist and refrain from (l) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Christopher Bacotti, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court