Matter of Bacotti (2023 NY Slip Op 01794)

Matter of Bacotti

2023 NY Slip Op 01794

Decided on April 5, 2023

Appellate Division, Second Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
CHERYL E. CHAMBERS, JJ.

2019-13490

[*1]In the Matter of Christopher A. Bacotti, admitted as Christopher Bacotti, a suspended attorney. (Attorney Registration No. 2478667)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 20, 1992, under the name Christopher Bacotti. By opinion and order of this Court dated June 2, 2021, the respondent was suspended from the practice of law in the State of New York, effective immediately, based upon the misconduct underlying the interim discipline imposed by an order of the Superior Court of the State of Connecticut, Hartford Judicial District, dated September 12, 2019. By order to show cause dated March 17, 2022, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Superior Court of the State of Connecticut, Hartford Judicial District, dated August 31, 2021, imposing final discipline. Separate motion by the respondent to set aside this Court's June 2, 2021 suspension order, to reinstate the respondent to the practice of law, and for such other and further relief as this Court may deem just and equitable.

Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for the Grievance Committee for the Tenth Judicial District.
Foley Griffin, Garden City, NY (Chris McDonough of counsel), for respondent.

PER CURIAM

OPINION & ORDER
By order dated August 31, 2021, the Superior Court of the State of Connecticut, Hartford Judicial District (hereinafter the Connecticut Superior Court), found clear and convincing evidence that the respondent violated counts one through four of a third amended presentment dated December 7, 2020, and determined that it may find by clear and convincing evidence that the respondent violated count five of the third amended presentment. The court terminated an order of interim suspension dated September 12, 2019, as to count one, and imposed sanctions for counts two to five.
Connecticut Proceeding
The investigation stemmed from a November 21, 2018 grievance complaint initiated following an overdraft in the respondent's Connecticut IOLA account. Based upon that investigation, the Connecticut Office of Chief Disciplinary Counsel (hereinafter the OCDC) filed an application for an order of interim suspension and presentment of attorney misconduct dated August 7, 2019, alleging that the respondent committed multiple violations of the Connecticut Rules of Professional Conduct (hereinafter RPC) and the Connecticut Practice Book (hereinafter CPB). Specifically, the respondent was alleged to have commingled personal funds with client funds (RPC rule 1.15[b]; CPB § 2-27[a]); maintained client funds in the State of Connecticut where the respondent did not maintain an office and without client consent (RPC rule 1.15[b]); failed to maintain the required records for his IOLA account (id. rule 1.15[j]); issued checks payable to cash from his IOLA account (id. rule 1.15[k][3]); made cash withdrawals from his IOLA account (id.); failed to respond to a lawful demand for information by Connecticut grievance authorities (id. rule [*2]8.1); failed to properly identify his trust account (CPB § 2-28[b]); and failed to provide requested records when notified of the IOLA account overdraft (id. § 2-28[h]). The OCDC contended that the respondent posed a substantial threat of irreparable harm to his clients and to prospective clients.
By order dated September 12, 2019, the Connecticut Superior Court granted the OCDC's application, and suspended the respondent from the practice of law until further order of that court, based upon clear and convincing evidence that the respondent made "numerous" cash withdrawals from his IOLA account and failed to cooperate with the OCDC's investigation in connection with the same. Additionally, the court, pursuant to CPB § 2-64, appointed a trustee to take control of the respondent's clients' funds, his IOLA account, and all other fiduciary accounts held by the respondent. Thereafter, by order of the court dated October 28, 2019, the respondent was found to be in contempt for willfully failing or refusing to comply with the court's September 12, 2019 order by not providing the trustee with, inter alia, client information and information concerning the respondent's Connecticut escrow account or accounts. The court found the respondent's failure to comply with its order to be a violation of RPC rule 8.4(4), which would be the subject of disciplinary action, and requested the OCDC to amend its presentment to add this charge.
Thereafter, the OCDC submitted three amendments to its presentment. In the third amended presentment, dated December 7, 2020, count one alleged that the respondent was the subject of an interim order of suspension dated September 12, 2019. The second count alleged that the respondent violated RPC rule 8.4(4) (conduct prejudicial to the administration of justice) when Connecticut Superior Court Justice Sheridan found by clear and convincing evidence that the respondent wilfully failed or refused to comply with an express, unambiguous court order. Count three alleged that the respondent engaged in the unauthorized practice of law by continuing to represent the plaintiff in a personal injury matter entitled Callabrass, Phantaycha v Dunkin' Brands Group, Inc., pending under Docket No. HHD-CV19-6109556-S, after his suspension, in violation of CPB § 2-47B, RPC rules 5.5 and 8.4(4), and Connecticut General Statutes § 51-88. Count four alleged the same allegations under the first presentment and application for interim suspension stated above, except that the allegations were based on the findings made by a reviewing committee of the Connecticut Statewide Grievance Committee after a hearing on December 12, 2019, at which the respondent appeared and testified. Count five alleged that on September 30, 2019, another grievance complaint was filed against the respondent for an overdraft in the respondent's IOLA account. The RPC violations mirrored the ones cited for count four, and additionally alleged violation of CPB § 2-32(a)(1) and RPC rule 8.4(4) for failure to respond to the grievance complaint within the time required.
On or about August 25, 2021, the respondent entered into a stipulation with the OCDC which stated that "in an effort to settle this case without further litigation," the parties "engaged in negotiations which produced a disposition acceptable to all parties[,]" which was "reduced to writing and submitted to the court as a proposed Order dated August 31, 2021. The [r]espondent does not admit or deny the allegations in the presentment but accepts the court's findings and discipline in the Order dated August 31, 2021."
By order dated August 31, 2021, the Connecticut Superior Court found by clear and convincing evidence that the respondent violated counts one through four of the third amended presentment and determined that it may find by clear and convincing evidence that the respondent violated count five. The court reached a different disposition as to each count. For count one, the court terminated the interim suspension. For count two, the court directed the respondent to fully cooperate with the court-appointed trustee and comply with the audit as outlined in its September 12, 2019 order. The court also terminated the interim suspension and suspended the respondent for a period of six months retroactive to September 12, 2019. For count three, the court imposed a six-month suspension retroactive to March 12, 2020, and consecutive to the suspension imposed for count two. For count four, the court imposed a one-year suspension retroactive to September 12, 2020, and consecutive to the suspension imposed in count three. For count five, the court imposed a one-year suspension retroactive to September 12, 2020, and concurrent to the suspension imposed for count four. The court further ordered that to be eligible to apply for reinstatement, the respondent must be in good standing, have paid all client security fund fees, have fully cooperated with the trustee, and have fully complied with the Statewide Grievance Committee with respect to an audit of his Connecticut IOLA account pursuant to the September 12, 2019 order.
New York Proceeding
By notice of motion and affirmation, both dated December 3, 2021, the respondent, through his counsel, made a motion in this Court to: (1) "set[ ] aside the Court's suspension which was premised on a Connecticut interim suspension which is now vacated; (2) reinstat[e] Christopher [*3]Bacotti to the New York State Bar, and; (3) [g]rant[ ] such other and further relief as to the [C]ourt may seem just and equitable." The respondent's attorney's affirmation asserted that "[t]he Connecticut authorities have now concluded their disciplinary proceeding against Mr. Bacotti and have, inter alia, lifted the interim suspension of Mr. Bacotti—specifically stating that the interim suspension has been 'terminated,'" that "[s]ince the basis for this Court's decision to suspend Mr. Bacotti was predicated upon the Connecticut suspension, and since the Connecticut suspension has now been lifted, . . . it is now appropriate for this Court to withdraw the New York suspension and to reinstate Mr. Bacotti to the New York Bar," and that "Mr. Bacotti has never practiced, nor ever held himself out as an attorney in Connecticut." The respondent also submitted an affidavit swearing that he has "never been a practicing attorney in Connecticut."
The Grievance Committee for the Tenth Judicial District filed an opposition to the respondent's motion in which it asserted that the "[r]espondent's attorney's affirmation misstate[d] the facts." The Grievance Committee further noted that the relief sought—to vacate this Court's order and immediately reinstate the respondent without following the rules governing reinstatement of suspended attorneys—was not an available remedy.
The respondent's attorney submitted a reply in which he denied that he misstated and misrepresented the facts to this Court. He further asserted, "[t]hat respondent remains suspended in Connecticut, not under the interim suspension but under 'final discipline,' is of no moment. . . . This Court imposed reciprocal interim discipline based solely upon Connecticut's imposition of interim discipline. As the genesis for this [C]ourt's actions is no longer in effect this Court must vacate its Order of interim suspension as there is no longer a viable or lawful basis for continued interim suspension."
By order to show cause dated March 17, 2022, on the Court's own motion, this Court ordered the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline based on the Connecticut final order of discipline dated August 31, 2021. The order to show cause specifically directed the respondent to "file digital copies of the relevant documents concerning the order dated August 31, 2021, including but not limited to, the 'third amended presentment.'" The respondent submitted a response dated April 22, 2022, opposing the "Committee's Order to Show Cause," opposing further discipline, and in further support of his pending "application for reinstatement" before this Court. He produced some documents pertaining to his Connecticut disciplinary proceeding but did not produce a copy of the third amended presentment. The respondent raised all three defenses enumerated in 22 NYCRR 1240.13(b) and made arguments that were similar to the arguments he made in response to the December 9, 2019 order to show cause that led to this Court's opinion and order dated June 2, 2021. Moreover, according to the respondent, his Connecticut disciplinary matter was resolved by stipulation with no further hearings, evidence considered or admitted, and "no admission or finding of wrong-doing or misconduct." The respondent asserted that "[t]o this day, no one has told me what I did wrong, incorrectly or without due deliberation, planning and diligence," that "[t]he Connecticut matter never concluded with a finding of misconduct," and that "I did not engage in misconduct in Connecticut."
In an affirmation dated May 13, 2022, the Grievance Committee argued that the respondent's asserted defenses had previously been addressed and rejected by this Court (see Matter of Bacotti, 196 AD3d 37), and that his failure to produce the third amended presentment reflected "a continuation of his pattern of failing to comply with court orders/directives."
Upon further requests from this Court's Clerk's Office to produce the documents pertaining to his Connecticut disciplinary proceeding as directed in the order to show cause dated March 17, 2022, the respondent submitted another affidavit, dated May 26, 2022, claiming that during the Connecticut proceeding in 2019, he was incarcerated for failure to pay child support, and therefore did not have access to all the documents. The respondent attached additional documents from the Connecticut proceeding, but still did not submit a copy of the third amended presentment. Upon another follow-up request by this Court to produce the third amended presentment, the respondent submitted another personal affidavit dated June 21, 2022, stating that he had "never seen" the third amended presentment before, and that the content of the third amended presentment "was never discussed in the no-admission Settlement resolution reached." The respondent again contended that he did not commit misconduct, and claimed that count two of the third amended presentment, concerning the finding that he was in contempt of court, pertained to an "Administrative Suspension (non-payment of Connecticut annual dues)." The respondent also denied that he knowingly engaged in the unauthorized practice of law in Connecticut and that he failed to notify opposing counsel of his suspension in a Connecticut case, stating that after the Connecticut Superior Court suspended him in 2019, he had received a call from opposing counsel [*4]advising him that opposing counsel knew of his suspension and threatened him. This contradicts the respondent's statement in his prior affidavit to this Court that he has "never been a practicing attorney in Connecticut," and "has never practiced, nor ever held himself out as an attorney in Connecticut."
Findings and Conclusion
Pursuant to 22 NYCRR 1240.13(b), the enumerated defenses to reciprocal discipline are limited to: (1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction as to the respondent's misconduct; or (3) that the misconduct for which the respondent was disciplined in the foreign jurisdiction does not constitute misconduct in New York. The respondent bears the burden with respect to any of the defenses (see id.; see also Matter of Li, 149 AD3d 238).
While the respondent raises all three defenses, we find that he has failed to meet his burden in establishing any of them. First, the respondent's assertion of lack of due process is inapposite to the record before this Court. He was provided notice and participated in the subject Connecticut proceeding, which was ultimately resolved by his knowing and voluntary execution of a stipulation that states that the OCDC and the respondent "engaged in negotiations which produced a disposition acceptable to all parties," namely the August 31, 2021 order. Moreover, while not a requirement for finding that due process has been provided, the respondent had the benefit of defense counsel throughout the proceeding. Accordingly, to the extent that the respondent now seeks to challenge the findings in the Connecticut proceeding, he is not permitted to do so in a reciprocal disciplinary proceeding (see Matter of Weissmann, 180 AD3d 155, 158; Matter of Carmel, 154 AD3d 72).
Furthermore, while the respondent argues that his Connecticut disciplinary proceeding did not result in a finding of misconduct, and thus, no misconduct can be found in the New York proceeding, the Connecticut Superior Court order dated August 31, 2021, which the respondent stipulated to, states otherwise.
Accordingly, we find that the imposition of reciprocal discipline is warranted based on the findings of the Connecticut Superior Court.
Regarding the sanction to be imposed, this Court has found that generally, "[t]he jurisdiction in which the respondent resided, and practiced law, at the time of the charged misconduct, has the greatest interest in the issue of sanction. Therefore, 'when the sanction prescribed by the foreign jurisdiction is not inconsistent with the sanction for similar misconduct in this jurisdiction, the Court should impose the same sanction'" (Matter of Esposito, 126 AD3d 93, 109 [citation omitted], quoting Matter of Sirkin, 77 AD3d 320, 323; see Matter of Munroe, 89 AD3d 1, 7). "However, when the sanction in the [foreign jurisdiction] deviates substantially from this Court's precedent, we have departed from the general policy of deference and imposed a more severe penalty where warranted" (Matter of Munroe, 89 AD3d at 7; see also Matter of Esposito, 126 AD3d at 109). Accordingly, under the totality of the circumstances, we find that a three-year suspension is warranted, effective immediately, without credit for the time the respondent has served under the interim suspension imposed by this Court by opinion and order dated June 2, 2021 (see Matter of Morris, 195 AD3d 74).
In view of the foregoing, the respondent's motion must be denied.
LASALLE, P.J., DILLON, DUFFY, BARROS and CHAMBERS, JJ., concur.
ORDERED that the respondent's motion is denied; and it is further,
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Christopher A. Bacotti, admitted as Christopher Bacotti, a suspended attorney, is suspended from the practice of law for a period of three years, effective immediately, without credit for the time the respondent has already served under the interim suspension imposed by this Court by opinion and order dated June 2, 2021, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than October 6, 2025. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is [*5]further,
ORDERED that during the period of suspension and until further order of the Court, the respondent, Christopher A. Bacotti, admitted as Christopher Bacotti, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Christopher A. Bacotti, admitted as Christopher Bacotti, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Christopher A. Bacotti, admitted as Christopher Bacotti, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court